McFarland, J.,
delivered the opinion of the court-:
Foley, on the 12th of May, 1875, filed his bill, alleging that he was entitled to hold the position of captain of fire engine rSTo. 4, in the city of Memphis, and that tire defendants, the police and fire commissioners, and chief of the fire-department, and others, were unlawfully obstructing him in the discharge of his duties, upon the pretense of having removed him, and appointed one McMahon in his place, which the bill denies that they had the right to do. TTpon this bill an injunction was' obtained.
Tbe defendants answered and insisted that the removal was lawful. On the 27th of May, a motion was made to dissolve the injunction upon the bill 'and answer, which, *354 upon argument, was sustained, and the- injunction dissolved. On the next clay, the 28th, the complainant set the cause clown for hearing on bill and answer, and the chancellor dismissed the bill, showing in the decree that the pi-evious order dissolving the injunction was in no way to be affected thereby.
By a subsequent order, an appeal was allowed from the decree dismissing’ the bill, and the order dissolving the injunction.
At the June special term, 1875, of this court, an order was made as follows: “The application for supersedeas in this case is refused for the reason, among others, that the appeal from the decree dissolving the injunction and dismissing the hill, vacated the decrees, and brings the case into this court with the injunction in force.”
The motion is now made to attach the defendants for contempt, it appearing that they still persisted in refusing to allow Foley to act as captain of fire engine No. 4. They justify their conduct by insisting that, as they understood, the injunction was not in force, and further, that immediately after the injunction was dissolved by the chancellor, on the 27th of May, they met and formally discharged Foley, and put McMahon into office. They disclaim any purpose to- act in contempt of the orders of the court.
We think there can be no appeal from an interlocutory order of the chancellor dissolving an injunction upon motion upon the ground that it was improvidently granted. If the chancellor, in terms, grant an appeal from such order, it is not effectual to restore the injunction, because there is no power to grant such appeal, and this court could acquire no jurisdiction thereby. When the injunction is dissolved by the final decree denying any relief upon the hearing, an appeal vacates the decree, and keeps the injunction in force.
In this case the injunction was dissolved before the hearing, and the cause stood at the hearing with no injunction *355 in force. The order dissolving the injunction, and the final decree were entirely distinct. The order of this court at the June special term, in giving one of the reasons for refusing the supersedeas was probably inadvertent. We have, several times held that this court cannot supersede an order dissolving an injunction mei*ely, where no affirmative action is ordered. This was therefore a conclusive reason why the motion to supersede the 'order of the chancellor dissolving the injunction should have been refused.
In stating that one of the reasons was that the appeal brought the case into this court with the injunction in force, the court must have acted under the impression that the injunction was dissolved by the final decree. At any rate, the order only adjudged that no supersedeas should be granted. As an adjudication, it has no other effect.
Again, the defendants, as they show, after the dissolution of the injunction, discharged complainant and put McMahon into office. There was then no injunction in force against this, and they might well have acted from that time under the honest belief that no injunction was in force, and even after the order of this court, we do not think they were required to restore Foley to office. The only scope of the original injunction was to prevent the defendants from interfering with the complainant in the discharge of the duties of an office which he then claimed to hold and be in possession of. This was not his attitude after his last dismissal.
The motion will be- dismissed at complainant’s cost.