McFaelaND, J".,
delivered the opinion of the court:
Raht was superintendent of the company’s mines, and had the possession of its property. He charges that the company, by resolution, gave him in pledge a large amount of personal property, to secure a large- debt due him from -the company; that afterwards he was removed as superintendent without notice, and the possession of the property demanded, without security for his debt. ITe prayed for and obtained an attachment, not only against the property pledged, but against the property of the defendant, gener *9 ally, by tlie fiat of Judge Hoyle. The attachment was awarded upon a bond of $50,000, the amount claimed by Raht being over $100,000. Judge Hoyle’s fiat also directed that the personal property sought to be attached, remain in the possession of Raht, as receiver. The attachment was issued a.nd levied. Upon motion of the defendant, before Chancellor Bradford, at chambers, it was ordered that the appointment of Raht, as receiver, be vacated, and that he be removed, he being not a proper person for receiver, and besides no receiver being necessary.
Second, that as the attachment was issued upon an insufficient bond, and was excessive, it was modified and discharged as to all such property as is not included in the resolutions of the defendant company, giving the complainant Raht, a lien thereon; but as to the property covered by these resolutions,'and upon which the lien or pledge was claimed, the attachment was to remain in force; but as to this property (except cash in control of the court), the defendant was authorized to replevy it upon a bond of $50,000.
Upon application to judge at chambers, a, supersedeas was granted, suspending that part of the order allowing the property to be replevied upon a bond of $50,000. A motion is now made to discharge this supersedeas.
The result of our recent decisions upon the subject is, that under our statutes, this court, or any one of the judges, may supersede the orders of an inferior court, or of a judge at chambers, where the order or decree is one that may be actively and affirmatively enforced against the party. It does not involve the power to reverse or change the order or decree of the inferior court, but simply to suspend for the time, its execution.
The power is given as ancillary to the appellate jurisdiction of this court, and when the cause comes before this court for review, such orders or decrees may be reversed or corrected, but under the power to 'grant super- *10 sedeas, they are merely suspended. Orders or decrees that are merely of a negative or prohibitory character cannot be superseded — as, for instance, an order dissolving an injunction merely. To supersede this would be, in effect, to grant and restore an injunction.
Tested by this rule, that part of Chancellor Bradford’s order directing that the property attached, or part of it, might be replevied upon a bond of $50,000, might properly be superseded, inasmuch as this was an order that could actively and affirmatively be executed, and the property thereby obtained.
It might be different as to part of the order which dissolved the attachment as to part of the property absolutely.
But it is argued that conceding the jurisdiction to exist, Chancellor Bradford’s order was proper, or, in fact, did not go as far as it should, and should not have been superseded; that Judge Hoyle had no power in awarding an attachment to specify any different bond from the one prescribed by statute, and the bond directed and given was insufficient, and the attachment should have been discharged absolutely. While, for the complainant, it is insisted that the property was in the possession of Raht as a pledge, and under the bill it is sought to enforce his lien thereon as such, and that the statutory provisions as to attachment bond do not apply. We think, at any rate, if any other bond was required of Raht, an opportunity should have been furnished to give the additional bond. Chancellor Bradford had the power to require a bond to be executed to meet his view of the law/and if such bond was not executed, to discharge the attachment altogether. He, however, did not act upon this, but declared the attachment in force as to this part of the property, prescribing the mode in which it should be replevied. This should not have been done, as the right to replevy is fixed by positive statute. The fiat of Judge Sneed supersedes Chancellor *11 Bradford’s order, in tbe respect indicated, but provides that the defendant may replevy the property upon a bond in an amount sufficient to cover the indebtedness claimed in the bill, with interest, until the first Monday, in July, 1876. As before stated, the power to supersede, does not involve the power to reverse or change, but simply to suspend the execution of the order superseded.
The order of Judge Sneed should, therefore, be modified so as to simply suspend the execution of so much of Chancellor Bradford’s order as directs that the property may be replevied upon a bond of $50,000. This is leaving the right of defendants to replevy the property, as prescribed, by the statute. The right of the defendant to re-plevy in cases where that right is given, is clearly defined, and the bond prescribed by statute, and it is not now the province of this court to make any order in regard thereto, except simply to suspend so much of the order complained of as should not now -be executed, but leaving the law in all other respects to take its course.