MENGLE BOX CO. v. LAUDERDALE COUNTY *et al.*

(*Jackson*, April Term, 1921.)

1. APPEAL AND ERROR. Statute construed as not including appeals from dissolution or dismissal of injunction.

Shannon's Code, section 4889, providing that the chancellor may in his discre'ion allow an appeal from his decree in equity, makes no express provision for an appeal from the dissolving or dismissing of an injunction, and the appeals under such Code section are limited to the cases, therein enumerated. (*Post, pp.* 270, 271.)

Case cited and distinguished: Indemnity Co. v. Willard, 125 Tenn., 291.

Code cited and construed: Sec. 4889 (S.).

2. APPEAL AND ERROR. Order dissolving and dismissing injunction held final decree.

Where the only relief sought by a bill was an injunction, the chancellor's dissolution and dismissal of the injunction was a final decree, adjudicating the meri's and leaving nothing for future determination, so that the appeal therefrom to the court of civil appeals was not premature, and such court had jurisdiction. (*Post, pp.* 271-277.)

3. APPEAL AND ERROR. Decree is "final" where adjudication of costs is only thing left.

A decree will be treated as final, and an appeal entertained only Where there is nothing left for future determination except adjudication of costs. (*Post, pp.* 271-277.)

4. INJUNCTION. If the bill contains no equity, the better practice is to dismiss it, rather than dissolve the injunction.

Where an injunction is the only remedy sought, and the chancellor is of the opinion that the bill contains no equity, the better practice is to dismiss the bill, so that complainant can appeal and have the sufficiency of his pleading tested in the higher court, and if the bill states a good cause of action and its allegations are put

Mengle Box Co. v. Lauderdale Co.

in issue by the answer, and the injunction is the remedial part of the bill, it should not be dissolved in advance of a hearing on the merits. (*Post, pp.* 271-277.)

Cases cited and approved: Darlington Oil Co. v. P. D. Oil Co., 62 S. C., 196; Paul v. Munger, 47 N. Y., 469; State v. Judge of Fourth District Court, 23 La. Ann., 151; Smith v. Sahler, 1 Neb. 310; Trustees v. Davenport, 7 Iowa, 213; Titus v. Mabee, 25 Ill., 232; Prout v. Lomer, 79 Ill. 331; Jacobi v. Schloss, 47 Tenn., 385; Foley v. Leath, 3 Shan. Cas., 353; Indemnity Co. v. Willard, 125 Tenn., 288; Maupin v. Whitcon, 49 Tenn., 2.

Case cited and distinguished: Brown v. Wright, 1 Tenn., ch. App., 153.

Code cited and construed: Sec. 4938 (S.).

## FROM LAUDERDALE

Appeal from the Chancery Court of Lauderdale County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court.—HON. V. H. HOLMES, Chancellor.

CRAIG, BULLOCK & DURHAM, for plaintiff.

J. E. PIERSON and B. C. DURHAM, JR., for defendants.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

The quarterly court of Lauderdale county, at its July, 1920, term, voted to have the steel bridge spanning Forked Deer river at "The Divides" moved from its then location down the river about two miles to a point op-

posite the intersection of the Hales Point and the Barr roads, and appointed N. W. Barbour, W. G. Dennie, and C. W. Patton, special commissioners, to let the contract therefor.

Pursuant to said appointment said special commissioners entered into a contract with the Larimer Burgess Bridge Company to do said work for the sum of $10,500, and said company had begun said work at the time the bill in this cause was filed by the Mengle Box Company against Lauderdale county, said special commissioners and said bridge company, enjoining them from removing said bridge from its then location.

Forked Deer river runs in a northerly and southerly direction at the point where said bridge is located, but a short distance south of said bridge said river turns almost at right angles, and then runs in a westerly direction.

The bill alleges that the complainant owns a tract of land of eight thousand, seven hundred and sixty acres in said angle—that is north and west of said river, and that for many years the Ripley and Hales Point road has crossed said river at "The Divides" and then passed through complainant's said tract of land and along the north bank of said river, and thence on in a westerly direction through the lands of other parties to Hales Point and the Barr.

The bill further alleges that the only practical outlet which complainant has to the highlands and to Ripley, the county seat of Lauderdale county, is over said bridge at "The Divides," and that a removal of said bridge would be equivalent to an abandonment of said

road, as same could not be used without a bridge at "The Divides," and that a removal of said bridge would destroy complainant's means of ingress and egress in and to its said property; and would result in irreparable injury to complainant.

The bill further alleges that in order to use the bridge, as defendants propose to relocate same, complainant would have to travel from three to five miles out of its way, and would have to pass over private property for a distance of nine hundred feet, since the new location is some nine hundred feet west of complainant's west boundary line.

The section of country in question is a part of the Mississippi River bottom, or lowlands, and is submerged and inundated when the Mississippi river overflows its banks.

In the territory involved on back east some two miles to the bluff or highlands the land is level, and has valuable timber thereon, but very little of it is cleared and in cultivation. After traveling west serveral miles from "The Divides," you come to the cultivated lands, which extend on west to the Mississippi river.

Under the plan of the defendants the main road from "The Divides," west for a distance of two miles would be on the south side of the river, whereas at present said road is on the north side of said river.

It is insisted by the complainant that the proceedings of the county court ordering said bridge removed were invalid, but that, if valid, under the facts alleged, a removal of said bridge would work such an irreparable

injury to the complainant as to invoke the injunctive aid of a court of equity.

The defendants filed a sworn answer, joining issue upon most of the allegations contained in the bill, and stating their reasons for changing said bridge, and in said answer they insist that the complainant would be benefited rather than injured by said change.

The foregoing statement is a mere outline of the issues involved, and is neither a full nor an entirely accurate statement of either the facts or the pleadings, but we deem it sufficient to make known the nature of this suit.

Pursuant to notice the cause was heard before the chancellor at chambers upon motion to dissolve the injunction upon the bill and answer. Upon such hearing the chancellor permitted the complainant to introduce affidavits, but declined to permit the defendants to introduce counter affidavits. After due consideration the chancellor dissolved and dismissed said injunction, and permitted the complainant to appeal from his action to the court of civil appeals.

In the court of civil appeals the defendants moved to dismiss the appeal upon the ground that the appeal was premature, because prosecuted from an interlocutory decree. This motion was sustained, and the appeal was dismissed without a decision upon the merits, and the cause is now before us upon a petition by the complainant for a writ of *certiorari*.

It is first insisted by the complainant that this cause falls within section 4889 of Shannon's Code, which is as follows:

"Appeal before Account or Sale; On Overruling Demurrer; Before Decree as to All Parties.—The chan-

cellor or circuit judge may, in his discretion, allow an appeal from his decree in equity causes determining the principles involved and ordering an account or a sale or partition, before the account is taken or the sale or partition is made; or he may allow such appeal on overruling a demurrer; or he may allow any party to appeal from a decree which settles his right, although the case may not be disposed of as to others."

It is apparent from a careful reading of said statute that it makes no express provision for a case of this nature, and appeals under this section of the Code are limited to the cases therein enumerated. *Indemnity Co.* v. *Willard,* 125 Tenn., 291, 151 S. W., 1029.

Mr. Gibson, in his Suits in Chancery (New), paragraph 1265, says: "No appeal will lie, even by consent of the chancellor and of the parties, from an interlocutory order or ruling, such as orders granting, dissolving or modifying injunctions or attachments."

The complainant next insists that the decree dissolving and dismissing the injunction was to all intents and purposes a decree on the merits and was final; that the only relief sought by the bill was an injunction; that the chancellor adjudged that the complainant was not entitled to such injunction; that the defendants had a right to remove said bridge, and that the chancellor thus denied the only relief prayed for in its bill. Complainant insists that the only thing left unadjudged is the costs, which is not an element in determining whether or not a decree is final.

There is much conflict of authority upon the right of appeal from the dissolution of an injunction. In most

of the States appeals in such cases are provided for by statute. In other States the mode of procedure has been established by judical decision. In South Carolina an appeal lies where the injunction is absolutely essential to the preservation of the legal rights of the complainant. *Darlington Oil Co.* v. *P. D. Oil Co.,* 62 S. C., 196, 40 S. E., 169.

In New York an appeal will lie when the merits of the case are disposed of by such order. *Paul* v. *Munger,* 47 N. Y., 469.

In Louisiana, if the order of dissolution is of such a nature as to work an irreparable injury to the plaintiff, an appeal may be allowed. *State* v. *Judge of Fourth District Court,* 23 La. Ann., 151.

In Nebraska the controlling point is whether the order affects a substantial right, and determines the action so that nothing further is required to dipose of the cause. *Smith* v. *Sahler,* 1 Neb., 310.

In Iowa an appeal lies where the dissolution goes to the merits of the case. *Trustees* v. *Davenport,* 7 Iowa, 213.

In Illinois the doctrine is well established that in cases where an injunction is the only relief sought by the bill, and a motion to dissolve for want of equity in the bill is sustained by the court, the order of dissolution is such a final order as entitles the plaintiff to a writ of error or an appeal therefrom. In such cases the motion to dissolve operates as a demurrer to the bill for want of equity, and is considered as an admission of the material allegations of the bill. The decree, therefore, dissolving the injunction, is a complete denial of the equity of the

bill and of the relief sought, and the bill may be at once dismissed and the action of the court reviewed on error or appeal. *Titus* v. *Mabee*, 25 Ill., 232.

And the same rule is applied when the injunction is the only relief sought, and the motion to dissolve is heard upon bill, answer, and affidavit; and in such case the dissolution of the injunction may be treated as a final disposition of the cause from which an appeal will at once lie. *Prout* v. *Lomer*, 79 Ill., 331.

It may be said that, in the absence of statutory authority, such an appeal does not lie in any State where the injunction is merely incidental or collateral to the principal relief sought.

Upon the other hand, we have been unable to find a decision where the right to appeal was denied where the injunction was the remedial part or the substance of the bill, and where the only relief sought was an injunction.

The exact question here involved has not been decided by this court in any decision to which our attention has been directed.

This court has held many times that an appeal does not lie from an interlocutory order, whether it be the dissolution of an injunction, the quashing of an attachment, or the appointment of a receiver.

The defendants rely upon the following cases: *Jacobi* v. *Schloss*, 7 Cold., 385; *Foley* v. *Leath*, 3 Shan. Cas., 353; *Indemnity Co.* v. *Willard*, 125 *Tenn.*, 288, 151 S. W., 1029.

In these cases the orders were interlocutory, and they were in no sense determinative of the issues involved.

In *Foley* v. *Leath, supra,* the principal question involved was the title to an office. The injunction was only incidental, and its dissolution was not a decision of the case upon the merits, and the order of dissolution was treated by the court and by the parties as interlocutory.

In *Indemnity Co.* v. *Willard, supra,* a plea to the jurisdiction of the court was interposed and was overruled by the chancellor, from which action the defendants appealed. The court held said order to be interlocutory, the appeal premature, and said:

"A decree overruling a plea in abatement to the jurisdiction . . . does not pass upon the merits in any particular."

In *Jacobi* v. *Schloss, supra,* the court held that an appeal would not lie from an order quashing an attachment, such an order being strictly interlocutory and not decisive of the case.

If the order of dissolution in this cause is interlocutory, then the court of civil appeals quite properly dismissed the appeal, but, as previously stated, it is insisted by the complainant that, to all intents and purposes, the decree in question was final, in that it was a determination of the merits of the controversy, and left nothing for future determination.

In 3 Corpus Juris, 443, it is said:

"And so it has frequently been held, either in express terms or in effect, that a judgment, order, or decree is not final or appealable, unless it determines the merits of the controversy, or the rights of the parties, and leaves nothing for future determination."

In a note to the foregoing text it will be observed that the same is supported by the decisions of this court, as

well as by the decisions of most of the courts of the United States and Canada.

In *Brown* v. *Wright*, 1 Tenn. Ch. App., 153, a decision which was affirmed by this court, the complainants filed a bill for the purpose of enjoining a sale of land, predicating their relief upon a certain deed exhibited with the bill. The chancellor, upon motion, dissolved the temporary injunction, stating in the decree that the complainants took no title to the land under said deed. The court said:

"After the chancellor had decreed that the deed upon which the complainants in the bill based their rights passed no title to them, it not only followed as a necessary legal consequence that the injunction must be dissolved, but, also that the complainants were entitled to nothing under their prayer for the removal of the trust deed as a cloud from their title, and to no other relief whatever. Indeed, nothing was left undisposed of except the costs of the cause, and these, in the absence of a contrary direction, given by special order of the court, would follow the judgment, and would have to be taxed up to the losing party (Shannon's Code, section 4938), and this might be done either on the theory of omitted costs (Shannon, section 4955) or, on motion, at a subsequent term (*Maupin* v. *Whitcon*, 2 Heisk., 2). In settling the question as to whether a given decree is final, the decision as to costs does not enter as an element; it is the decision as to the merits that determines. If the entire merits are disposed of, the decree is final; otherwise not. Here we find that the merits were disposed of, and hence the decree was final."

We are of the opinion that the decree in question was final, that it was an adjudication upon the merits, and that nothing was left for future determination.

What benefit could result from a further hearing after the bridge has been removed? Suppose the chancellor should, upon further investigation, conclude that he was in error in dissolving the injunction; what relief could he decree to the complainant? The only relief asked for was an injunction—that was the substance of the bill. This relief was denied by the chancellor, and he decreed, in effect, that the defendants could proceed to remove the bridge. After permitting the defendants to remove said bridge at a cost of $10,000, he could not, upon changing his opinion, require the defendants to restore the bridge at the additional expenditure of $10,000. Hence, should the cause go to proof, after the injunction has been dissolved and the bridge removed, the chancellor could not grant the complainant the relief sought in its bill. There was nothing left for future determination.

A decree will be treated as final, and an appeal entertained only where there is nothing left for future determination except the adjudication of the costs.

We are of the opinion that the better practice, where an injunction is the only relief sought, and where the chancellor is of the opinion that the bill contains no equity, is for him to dismiss the bill so that the complainant can appeal and have the sufficiency of his pleading tested in the higher court. If the bill states a good cause of action and its allegations are put in issue by the answer, the injunction is the remedial part of the bill,

Mengle Box Co. v. Lauderdale Co.

the chancellor should not dissolve the injunction in advance of a hearing on the merits.

We therefore hold that the court of civil appeals was in error in holding that the appeal was permature, and that it was without jurisdiction, and its decree will be reversed, and the cause will be remanded to that court for determination upon the merits.

The costs in this court will be paid by the defendants. The costs in the other courts will be decreed by the court of civil appeals.