## C. G. MATTHEWS et al. v. L. E. MATTHEWS.

Middle Section.    July 1, 1926.

No petition for Certiorari was filed.

1. **Injunction.** Injunction is not re-instated by appeal unless appeal is from a final decree.

Where an injunction is dissolved by the chancellor, it is not re-instated by appeal unless the decree of dissolution is a final decree.

2. **Appeal and error.** Chancellor has no discretionary power to grant a discretionary appeal from interlocutory order.

The chancellor has no discretionary power under Section 4889, Shannon's Code, to grant a discretionary appeal from an interlocutory order or decree dissolving an injunction.

3. **Courts. Jurisdiction.** Jurisdiction of the Court of Appeals is appellate only.

The jurisdiction of the Court of Appeals is appellate only and a ruling of a chancellor can only be revised when the cause comes to be heard upon appeal.

4. **Appeal and error.** Order of chancellor held not a final decree on which an appeal would lie.

Upon motion to have injunction dissolved where an appeal had been taken from the order of the chancellor dissolving an injunction, held the order was not a final decree from which an appeal would lie, and since the appeal was premature the injunction was not re-instated by taking the appeal.

Appeal from Chancery Court, of Davidson County; Hon. James B. Newman, Chancellor.

Motion denied.

E. J. Walsh and Thompson, Cornelius & Swiggart, of Nashville, for appellant.

Ewing & Ewing, of Nashville, for appellee.

FAW, P. J. The transcript of the record in this case was filed in this court on June 21, 1926, and, if properly appealed, the case will stand for trial on the regular call of the docket at the September Session of this year.

A written motion has been filed and presented to the court through which appellee (the defendant below) is asking the court to dissolve a temporary injunction granted by the chancellor, but which was dissolved by the chancellor on motion of the defendant.

It is assumed by counsel that the appeal vacated the chancellor's order dissolving the injunction, and that the injunction was thereby reinstated and is effective pending the appeal.

The injunction dissolved by the chancellor was not reinstated by the appeal unless the decree of dissolution was a final decree. Foley v. Leath, 3 Shan. Cas., 353.

The chancellor has no discretionary power, under Section 4889 of Shannon's Code, to grant a discretionary appeal from an interlocutory order or decree dissolving an injunction. Mengle Box Co. v. Lauderdale County, 144 Tenn., 266, 270, 230 S. W., 963.

The jurisdiction of the Court of Appeals is appellate only, and "the ruling of the chancellor can only be revised when the cause comes to be heard upon the appeal." Allen v. Harris, 4 Lea, 190, 192; Scoggins v. Cowden, 1 Lea, 134, 135; State for use etc. v. Gannaway, 16 Lea, 124, 129.

We are inclined to the opinion that the order of the chancellor dissolving the injunction was not a final decree from which an appeal would lie, and the appeal was therefore premature. However, neither party has thus far raised that question, and its decision will be reserved at this time.

If the appeal was premature, then, as a matter of course, the motion to dissolve the injunction must be overruled, because, in that event, we are without power to entertain the appeal for any purpose. Besides, if the injunction was dissolved by an interlocutory order, it was not reinstated by the attempted appeal, and there is no injunction to dissolve.

If the appeal was not premature, we have no power to do more than try the case on the record made in the chancery court, and decide whether the chancellor's decree should be affirmed or reversed, and, under the authorities cited, supra, the case cannot be tried "piecemeal." The motion is denied and overruled at the cost of appellee L. E. Matthews.

Crownover and DeWitt, JJ., concur.