Arnold v. Moyers.

## Arnold et als. v. Moyers et als.

1. Bills in Equity. *Substance, not names, important.* The name of a bill is not important, as the rights of the parties must be determined on the matter of equity set forth, and not how it is entitled.

2. Bill of Review. *What relief may be granted.* Relief to remove cloud from title will be given under a bill entitled a bill of review, if the facts averred justify it, and if the bill asks in its prayer possession of the land and has the usual general prayer for other and different relief.

3. Same. *Errors apparent. New matter. New testimony. Cloud.* A bill of review filed by a purchaser of land will not be entertained to set aside a decree of the Chancery Court under which the same land was subsequently sold, because he was not a party to the suit. It is not error apparent on the face of the decree, nor new matter arising after the decree, nor new testimony come to light after the decree. An original bill to remove cloud from his title is the proper remedy.

4. Same. *Void proceedings.* A bill which assumes a judicial proceeding as absolutely void, is not a bill of review.

5. Same. *No revivor.* A bill of review will not be entertained on the ground that a party to a chancery proceeding died before the rendition of the decree and there was no proper revivor. This was not matter that has arisen in time after the decree, but was in existence, had arisen before the decree was made.

### FROM JEFFERSON.

Appeal from the Chancery Court at Dandridge. H. C. Smith, Ch.

King & Park for complainants.

Barton, McFarland & Swan for defendants.

Freeman, J., delivered the opinion of the court.

The prayer of this bill is, that it be entertained as a bill of review, also a bill of revivor, and if ne-

cessary in order to obtain the relief to which complainants are entitled, that it be entertained as an original bill of review, to impeach the decree of sale for fraud. The particular name given the bill is not of much importance, as the rights of the parties must be determined on the matter of equity set forth, and not how it may be entitled.

A demurrer, assigning numerous causes of objection, is filed, which was sustained by the Chancellor. The correctness of this decree dismissing the bill is the question now before us. The complainants are, Reuben Arnold in his own right, and as heir-at-law of T. D. Arnold, deceased, who was his father, and Frank A. Arnold, as administrator of said T. D. Arnold, and one of his heirs, together with the other heirs-at-law of said Thomas D., and seeks to have a certain decree made in the case mentioned reviewed and set aside for their benefit.

The case of Reuben Arnold in his own right may be shortly disposed of. He claims to be the purchaser of a tract of land at execution sale, sold as the property of Alfred Moyers. This sale was made under a judgment in his favor, he purchasing, and then advancing his bid to the amount of his entire debt and costs, but has received no deed, the sale having been made in 1869. Reuben Arnold claims that the decree complained of, under which the land was sold, is void as to himself, and also Alfred Moyers, under whom he claims his title or equity, because neither of them were parties to the same. If this be so, it is clear his remedy is not by a bill of review, but by an origi-

nal bill to remove cloud from his title, if any he has. A bill of review lies to impeach a decree for errors of law apparent on the face of the decree, or for new matter, which hath arisen in time after the decree, or for new testimony come to light after the decree was made, that could not possibly have been used when the decree was passed. *Eaton* v. *Dickens,* 3 Sneed, 397. A bill that assumes a judicial proceeding is absolutely *void,* is not a bill of review, but a bill to remove a cloud in a case like the present. 1 Head, 178. The principle is, that the decree must show error in decreeing relief against the party who seeks to have it reviewed; if such error of law against him appear on the face of the decree, he may, within the time allowed by law, have the same reviewed and set aside. This excludes the idea, that a party may file such a bill, simply because the decree made, may in some way affect property in which he has an interest. If he is not a party, nor in privity with a party bound, his rights are not affected by the decree, and no such error appears on the face of the decree against him as entitles him to this remedy. The bill was properly dismissed as to this feature of the case. The same result might be reached under the idea of misjoinder, as the claim of Reuben to the land, had no connection whatever with the other matters of the bill, which are its leading objects, but is only incidentally introduced as a subordinate and independent matter.

The next question is, whether the bill can be sustained as to the heirs of Thomas D. Arnold on the facts charged, either as a bill of review, or treating

it as an original bill in the nature of a bill of review to impeach a decree for fraud. The facts necessary to be stated in order to present the question on this feature of the case, are briefly as follows: In August, 1857, John and Hiram Moyers filed their bill against Silas and Alfred Moyers, to assert a right each to one-fourth of a tract of land conveyed to Silas by their father, and to have their share allotted to them. A decree in favor of complainants was ultimately had, and partition made in 1861.

In December, 1857, while said suit was pending, T. D. Arnold, the ancestor, had judgment in the Circuit Court against Silas Moyers, and levied execution on Silas' share in said land, had it sold, purchased it, and took a sheriff's deed for the same.

In 1861, Snoddy and others, creditors of Hiram and John Moyers, with parties who were creditors of Silas, filed their bill to enforce a deed of trust made to one McCampbell, for the benefit of McFarland, Barton et als., and to enforce the debts of the other parties against Silas, attaching the lands of the parties for said purpose. This included the land bought by T. D. Arnold, therefore he was made a party under the allegation that he had some claim, or pretended claim, to the share of Silas. This suit probably was consolidated or heard with the original case, though this is not very clear. It could not change the rights of the parties if done, however, as the bill would still stand on the same issues, as we have repeatedly held.

However, the case proceeded to a decree in the Chancery Court, and on appeal to this court in Octo-

ber, 1870, a decree was pronounced, affirming the right of complainants to have the deed of trust foreclosed, and the land of Hiram and John sold in satisfaction of the trust. It was decided that the heirs of Arnold hold under their sale and purchase the interest of Silas, and enjoining them from setting up any claim to the two shares ordered to be sold, remanding the case to the Chancery Court to execute the decree. The decree says: "It is ordered by the court that this decree shall not affect the title of said Arnold's heirs to the one-fourth interest of said Silas Moyers in said lands so purchased and held under his judgment against Silas, or the title to the interest he may hold to the shares of Alfred Moyers." We take it this decree did not adjudge the title of Arnold under his purchase to be good, but only excepted his rights, whatever they might be, from the operation of the decree.

The case, however, was remanded to the Chancery Court, where an order was made referring the matters of account to the clerk, who reported debts due from Hiram, John and Silas, and the whole land was sold by decree of the court, the report being unexcepted to and confirmed, as to the debts. To have this decree reviewed and set aside is the object of this bill.

It goes on two grounds. First, That Thomas D. Arnold died in the year 1870, and no proper revivor was ever had against his heirs in the case, and the decree is subject to review for this objection, adding it was fraudulent and void, and subject to be impeached also for this cause. Second, It is claimed,

Arnold *v.* Moyers.

that the decree was made in contravention of the decree of this court, ordering the sale only of the interest of John and Hiram, as above recited.

As to the first question, the matter charged does not make a case for a bill of review. The error, if any, does not appear on the face of the decree, that is, the death of Thomas D. Arnold before the rendition of the decree; nor does the bill show that it had been suggested and proven to the court. An inference might be drawn that it had been done, from the recitals of the bill, but we are not informed how the fact is. This being so, it is simply the case of a decree rendered after the death of a party, without his death being suggested or proven. This could not furnish the basis for a bill of review, as it is not matter that has arisen in time after the decree, but was in existence, had arisen before the decree was made.

If we take the contrary assumption, (an inference that might be drawn from the recital of the decree of this court), as quoted above from the bill, referring to the rights of the heirs of Arnold and excepting them from its operation, then we would be bound to assume they had been made parties regularly, and this defeats the ground on which complainants' bill rests, that the decree was void because they were not parties. We cannot draw an inference contrary to the allegations of the bill, and then predicate error on the face of the decree based on such inference, in order to sustain the bill. That is to say, the recitals of the decree quoted refers to the rights of the heirs, excepting them from the operation of the decree. If this

means the decree was in their favor on the title as to Silas' share, it must also mean they were before the court, as the presumption would be in favor of the regularity of the action of this court, nothing to the contrary appearing. So that in either aspect of the case, the bill cannot be sustained as a bill of review in its present form.

The next question is, can the bill be sustained as an original bill in the nature of a bill of review, to impeach a decree for fraud? The only fraud alleged, is the taking the decree without proper revivor, and in contravention, as is assumed, of the decree of this court. This may be error, which would render the decree void in the first case, as made against parties not before the court—for which a bill would lie to remove cloud from title, but not for a bill of review, on the principles heretofore stated.

In the second case, if the heirs were parties, it might, and probably would, be error on the face of the decree, provided the decree of this court should be construed to adjudge the title to Silas' share in favor of the heirs of T. D. Arnold. We need not definitely decide that question, as it is alleged they were not parties, and so are not in condition to have the decree reversed or reviewed on this ground, by bill of review.

The only other question is, whether disregarding the specific prayer of the bill, the facts stated in it furnish a sufficient basis on which to treat the bill according to its substance, as a bill to remove a cloud? Upon careful examination of it, we conclude we may

Arnold *v.* Moyers.

well do this, as to the heirs of T. D. Arnold and their supposed rights in the land of Silas Moyers. The bill makes a state of facts appropriate to this relief, if proven to be true—that is, a decree ordering a sale of land, when the claimants were not before the court, and consequently the decree not binding on them, and under this decree they seem to have been deprived for the present of property to which they have a *prima facie* title at least under the sheriff's deed. The bill seeks in its prayer relief appropriate to this view, in asking to be restored to the possession of the land, and has the usual general prayer for other and different relief, which would enable the court to grant such relief, as the facts averred might justify. In this view of the case, the bill may require some amendment, as it is probable the parties to the original bill, and the heirs of McCampbell, the trustee of Hiram and John's share, the beneficiaries in the deed, with purchasers of other shares than Silas Moyers', may not be necessary parties.

The result is, that the decree of the court will be modified as herein indicated, and the cause remanded to be proceeded in under this opinion, with leave to make proper amendments as indicated.

The costs of the court below will be paid one-half by Reuben Arnold, the other half divided between complainants in the bill and the complainants in the Snoddy bill. The costs of this court will be divided equally between the complainants in this bill and the complainants in the Snoddy bill, who are defendants.

Reverse and remand.