Barksdale v. Butler.

---

---

JOHN BARKSDALE et al. v. THOS. H. BUTLER.

1. CHANCERY PLEADINGS AND PRACTICE. *Demurrer. Appeal.* Under the Code, sec. 3157, the chancellor has no power to allow an appeal by some of several demurrants, whose demurrers are overruled with leave to rely upon the matters of demurrer, the other demurrants, standing in the same attitude, not joining in the appeal.

2. ADMINISTRATOR. *Sureties. Sale of slaves.* Slaves bequeathed by will passed to the legatees without the assent of the executor, subject only to the right of the personal representative to sell them, by order of court, for the payment of debts if necessary, the hire in the meantime belonging· to the legatees, and the proceeds of sale being equitable, not legal assets, for which the sureties of the personal representative would not be liable.

3. SAME. *Judgment against only prima facie as to sureties.* A judgment against a personal representative in a suit to which the surety is no party, is only *prima facie* evidence against the surety, and he may show that the demand on which the recovery was had was not, in whole or in part, a proper debt of the estate.

---

FROM JACKSON.

---

Appeal from the Chancery Court at Gainesboro. W. G. CROWLEY, Ch.

A. A. SWOPE, JOSHUA HAILE, E. L. GARDENHIRE and J. J. VERTREES for complainants.

T. J. QUARLES for defendant.

COOPER, J., delivered the opinion of the court.

In the year 1834 John Overstreet died, leaving a will, by which, among other things, he bequeathed certain slaves to his wife for life or during widowhood, then to his three children. The widow intermarried with one Henry Sadler, but the children allowed the slaves to remain with the widow during her life. She died in February, 1857, and her husband died in the latter part of 1858, leaving a will, which was proved and admitted to record at the January term, 1859, of the county court. In the meantime, in 1855, two of the Overstreet children had filed a bill to secure the slaves, upon an allegation that Henry Sadler had perhaps delivered some of them to his children and proposed to dispose of them by will as his property. Upon the death of Sadler and wife, a supplemental bill and bill of revivor was filed against Thos. H. Butler, who had been appointed administrator with the will annexed of Henry Sadler, and against the legatees under the will, for the recovery of the negroes and their hires after the death of Martha Sadler. Such proceedings were had in this cause that, on August 5, 1867, a decree was rendered declaring that the complainants were entitled to the slaves upon the death of Martha Sadler in 1857, and to their hires since then, and that the defendants, or

some of them, had the control and hires after that date, and referring it to the master to take an account of such hires up to the emancipation of said slaves in 1865. Upon the coming in of the master's report, the court, on the 27th of April, 1871, rendered a decree in favor of complainants against Thos. H. Butler as administrator of Henry Sadler, to be levied of the goods and chattels, rights and credits in his hands to be administered, for the sum of $2,560.; and against Garrett Sadler, one of the defendants, for $1,140, and W. P. Lewis, another defendant, for $141, to be levied of their respective goods and chattels, but to be credited on the recovery against the administrator if collected. Execution issued against Butler as administrator, and was returned *nulla bona.* The decree of April, 1871, reserved the question whether the complainants could proceed against the administrator and his sureties as for a *devastavit,* and the further question whether they could proceed on certain bonds, which seem to have been executed during the progress of the cause, for the forthcoming of the slaves to answer the final decree of the court. After the return of an execution against Butler as administrator without satisfaction, the litigation now before us was commenced on September 17, 1873, by a bill, which the complainants pray may be taken as an amended and supplemental bill or an original bill, according to the practice of the court. On September 19, 1873, an amended bill was filed, and on the 8th of May, 1874, another amended bill, and on the 23d of April, 1875, an amended and supplemental bill

and bill of revivor.   The substance of all of these bills is to bring before the court the sureties of Butler on his administration bond, and the legatees of Henry Sadler, deceased, or their representatives, to have an account of the administration of Sadler's estate, alleging a breach of the administration bond and a *devastavit* by the administrator, but also averring that the personal assets of the estate were not sufficient to pay the debts, and seeking to subject the property bequeathed by the will which had gone into the hands of the legatees, real and personal.   Nearly all of the defendants filed demurrers to these bills, which, upon argument, were overruled by the chancellor.   The greater number of these demurrers were acted upon at the May term, 1875, and the defendants did not appeal, but answered.   Some of the demurrers were acted upon at the September term, 1875, the chancellor overruling these demurrers, " with leave to the defendants to rely upon the matters of their several demurrers in their respective answers."   From this decree a part of the demurrants, five in number, prayed an appeal, which, over the objection of the complainants, was granted by the chancellor.   The administrator, Butler, and one of his sureties have not appealed.

The Code, sec. 3157, is:   "The chancellor or circuit judge may, in his discretion, allow an appeal from his decree in equity causes determining the prinples involved, and ordering an account, or a sale or partition, before the account is taken or the sale or partition is made; or, he may allow such appeal on

overruling a demurrer; or, he may allow any party to appeal from a decree which settles his rights, although the case may not be disposed of as to others."

Except in the cases specifically mentioned in this section, the settled rule of the court is, that an appeal only lies from a final decree. A decree is not final, and an appeal does not lie as a matter of right, until a final adjudication of the rights and equities of all the parties: *Delap* v. *Hunter*, 1 Sneed, 101; *Harrison* v. *Farnsworth*, 1 Heis., 753. Under the section cited, the chancellor cannot even permit an appeal by one party, or by any number less than the whole, unless the decree settles the rights of such party or parties. A decree overruling a demurrer settles no rights, the more especially if, as in this case, leave is given to the defendants appealing to rely upon the matters of demurrer in their answers. And the statute does not say that one party, interested in the principles settled by a decree, or the account, sale or partition ordered, or demurrer, may be permitted to appeal, leaving the cause to proceed in the court below as to the other parties having such common interest. Such a practice would lead to a multitude of appeals, coming up at various times, in the same case, involving the same question, leaving the cause to progress in the court below without having the necessary parties before the court, and requiring the depositions of the same witnesses, it may be, to be taken several times.

The case has been fully and ably argued upon all

the points raised by the demurrers, and perhaps it may save costs and useless trouble if we express our unanimous opinion on the two points on which the complainants rely for relief against the demurrants. They seek to hold the legatees of Henry Sadler liable for the slaves received by them under his will, upon the ground that the title did not vest in them without the assent of the administrator, that he ought not to have given his assent without refunding bonds, and that the legatees would be responsible whether refunding bonds were given or not. But it had been settled before the Code, that the title to slaves passed to distributees without the assent of the administrator, subject only to the right of the administrator to have them sold by order of court for the payment of debts if it became necessary: *Elliott* v. *Holder*, 3 Head, 698. The same conclusion was reached under the Code, sec. 2246: *Johnson* v. *Johnson*, 2 Heis., 522. It has also been held under the Code, that slaves bequeathed by will pass to the legatees without the assent of the executor, subject only to a like power of sale: *Ott* v. *Smith*, 3 Baxt., 135. It followed, necessarily, that the proceeds of slaves thus sold by order of court, like the proceeds of the sale of realty, were only equitable assets, for which the sureties of an executor are not responsible, and so it has been decided: *Wall* v. *Allen*, 4 Baxt., 210. It is obvious, therefore, that the complainants cannot reach, in the only mode prescribed by law—an order of court—the slaves, which have ceased to be property, nor the hires of such slaves, which, like the rents of realty descended,

belonged to the legatees until the creditors fixed a lien upon them. The executor, or administrator with the will annexed, had no power to take from the legatees refunding bonds for the slaves; and neither he nor his sureties could be held liable for not proceeding to subject such property until a judgment was had against him upon a demand honestly litigated.

The judgment against Butler as administrator, in a case to which the sureties were not parties, is only *prima facie* evidence against the sureties. It seems very clear that, as administrator, Butler was only liable for demands created in the lifetime of his testator, and that the testator was bound for the hire adjudged only during the time which elapsed between the death of his wife and his own death. Butler's liability for the other hires must have been personal, whatever may have been his right to be reimbursed out of the assets of the estate, for which no reason appears. His sureties would not be bound to creditors of the estate for any *devastavit* or breach of the administration bond beyond the actual debts and expenses of the estate.

The appeal will be dismissed, and the cause remanded for further proceedings. The appellants will pay the costs of this court.