YOUNGER, Adm'r, *v.* YOUNGER.

(*Nashville.* February 21, 1891.)

1. APPEAL. *From final decree or judgment only, as matter of right.*

Doctrine re-affirmed that appeal, as matter of right, lies only from a final decree or judgment; and that a final decree or judgment, in this sense, is one that decides and disposes of the entire merits of the case.

Code cited: §§ 3872, 3873, 3893 (M. & V.); §§ 3155, 3156, 3174 (T. & S.).

Cases cited and approved: Terrell *v.* Ingersoll, 10 Lea, 82; Hunter *v.* Gardenhire, 10 Lea, 88; Pond *v.* Trigg, 5 Heis., 539; Gibson *v.* Widener, 85 Tenn., 16; Meek *v.* Mathis, 1 Heis, 540; Abbott *v.* Fogg, 1 Heis., 742, 753; Hume *v.* Bank, 1 Lea, 222; Overton *v.* Bigelow, 10 Yer., 48; Joslyn *v.* Sappington, 1 Overton, 222; Carrol *v.* Caldwell, M. & Y., 78; Barksdale *v.* Butler, 6 Lea, 454; Bomar *v.* Hagler, 7 Lea, 85.

Cited and disapproved: Scott *v.* White, Thompson's Cases, 38.


2. SAME. *Same. Decree not final, when.*

A creditor filed bill against his debtor and others seeking decree for his debt, and to reach and subject the debtor's effects by attachment, garnishment, and injunction. Upon the debtor's plea in abatement the attachment was quashed. From this decree the complainant appealed, the cause remaining undisposed of as to all other questions and parties.

*Held:* The decree appealed from is not final, and the appeal should be dismissed as prematurely taken.

Cases cited and approved: Seifred *v.* Bank. 1 Bax., 201; Craigmiles *v.* Hays, 7 Lea, 720; Pigue *v.* McFerrin, 12 Lea, 645; Kruger *v.* Stayton, 11 Heis., 726.


3. SAME. *Discretionary not allowed, when.*

And the Court cannot, in such case, grant the appeal under the statute giving discretionary power to Courts to grant appeals in certain classes of cases. This case does not fall within the statute.

Younger, Adm'r, v. Younger.

Code construed: ₴ 3874 (M. & V.); ₴ 3157 (T. & S.).

Cases cited and approved: Andrews v. Warner, 87 Tenn., 2; Sigler v. Vaughan, 11 Lea, 135; Bomar v. Hagler, 7 Lea, 84; Barksdale v. Butler, 6 Lea, 454; Hume v. Bank, 1 Lea, 220.

---

FROM MAURY.

---

Appeal from Chancery Court of Maury County. A. J. ABERNATHY, Ch.

WEBSTER & TAYLOR for Complainant.

FIGURES & PADGETT for Respondent.

CALDWELL, J. This is an original injunction, attachment, and garnishment bill.

J. T. Younger, complainant's alleged debtor, filed a plea in abatement to the attachment. Complainant joined issue on the plea, and the issue thus made was submitted to and tried by a jury. Verdict was returned in favor of the plea, and the Chancellor, thereupon, pronounced a decree discharging the attachment. From this decree complainant appealed to this Court.

At a former day of the term the appeal was dismissed as premature. The case is now before us on a petition to rehear.

An appeal, as a matter of right, lies only from

a *final* decree or judgment; and a *final* decree or judgment is one which decides and disposes of the whole merits of the case. Code (M. & V.), §§ 3872, 3873, 3893; 10 Lea, 82, 88; 5 Heis., 539; 1 Pickle, 16; 1 Heis., 540; *Ib.*, 742, 753; 10 Yer., 48; 1 Overton, 222; M. & Y., 78; 6 Lea, 454; 1 Lea, 222; 7 Lea, 85.

Several other cases which state and apply the rule, are cited in Section 179 of 1 Milliken's Meigs' Digest, and in note to sections of Code *supra*.

Manifestly, the decree appealed from in this case is not *final*. It does not dispose of or decide any question, except that raised by the plea in abatement. The bill was not dismissed. It is still pending in the Chancery Court; and may be prosecuted to a hearing on the merits, and to a decree for complainant's debt if it should be established by the proof, or against him if · not so established. The debt being due when the suit was commenced, and the jurisdiction not depending on the attachment, the bill may be maintained for a recovery on the debt, notwithstanding the failure to sustain the attachment. 1 Bax., 201; 7 Lea, 720; 12 Lea, 645; *Kruger* v. *Stayton*, 11 Heis., 726. It may be, as suggested in argument, that a money decree without the security of the attachment would be worthless, and that complainant would not care to have it; but that does not render the decree appealed from any more or any less a *final* decree.

As to the other defendants, or · most of them,

the cause stands on bill and answer. *No* decree has been rendered touching their interest. The injunction is in full force as to all the parties— never having been dissolved. These facts are mentioned to show how far the decree discharging the attachment, without more, is from an adjudication of the whole merits, without which there can be no *final* decree, and, consequently, no appeal as a matter of right.

If this Court should assume jurisdiction on the present appeal, and reverse or affirm the decree, it could not finally dispose of the case. Whatever this Court might now adjudge with respect to the attachment, it is obvious that the suit might still go on in the Chancery Court. Indeed, it might be that, after this Court had reversed the decree appealed from, should it do so, that the complainant would fail to establish his debt, and that his bill would have to be dismissed for that reason.

It is entirely clear that the decree in this case was not final, and that the complainant was not entitled to an appeal as a matter of right; and, therefore, that the appeal was premature, *unless* it falls in that class of cases in which appeals may be allowed or not, in the discretion of the Court.

Whether the Chancellor regarded the appeal in this case as of the one class or the other does not appear from the record; but that is not important, since the mere grant of the appeal is all that the record need show in either case. 3 Pickle, 2; 1 Heis., 752.

The only cases in which discretionary appeals lie are enumerated in § 3874 of the Code, which is as follows: "The Chancellor or Circuit Judge may, in his discretion, allow an appeal from his decree in equity causes determining the principles involved and ordering an account or a sale or partition, before the account is taken or the sale or partition made; or he may allow any party to appeal on overruling a demurrer; or he may allow any party to appeal from a decree which settles his right, although the case may not be disposed of as to others." For application, see 3 Pickle, 3; 11 Lea, 135; 7 Lea, 84; 6 Lea, 454; 1 Lea, 220.

The present case does not come within this statute; hence, the appeal is not one allowable in the discretion of the Chancellor.

It follows, necessarily, that the appeal is premature, being one that lies neither as a matter of right nor in the discretion of the Court.

A decree discharging an attachment, without more, is of the same character as one dissolving an injunction without dismissing the bill; they are both interlocutory merely, and not final.

Learned counsel has called our attention to no case which authorizes the appeal, and we know of none. In Thompson's Cases we find a case in which a plaintiff who had a suit pending in the Circuit Court sued out an attachment, in aid of same, before a Justice of the Peace. In the Circuit Court the attachment was discharged, on motion, because the affidavit was not signed; and

the plaintiff appealed in error. In this Court, appellee moved to dismiss the appeal on the ground that the judgment was not final. Without giving any reason for the holding, or stating whether the judgment appealed from was final, this motion was disposed of in one brief sentence, as follows: "An appeal will lie from an order to discharge an attachment, although it is merely a subsidiary proceeding." *Scott* v. *White*, Thompson's Cases, 38.

If that decision be sound, on its own peculiar facts—which we are not prepared to admit—the doctrine there announced does not control this case, whose facts are entirely different. There the attachment, though recognized as in aid of the suit in the Circuit Court, must have been regarded and treated, for the purposes of the appeal, as a separate proceeding, because originating before a different tribunal. In that view the decision made may be sustained; but it cannot otherwise be reconciled with the uniform current of both *older* and *more recent cases* construing the statutes cited herein, and defining the decree or judgment from which an appeal will lie as a matter of right, or in the discretion of the presiding Judge.

Such a view cannot be taken in the present case. This is all one suit, and it is not susceptible of being divided so that the attachment may be pending in this Court and the balance of the case in the Chancery Court at the same time.

Let the petition be dismissed.