THE EMPLOYERS' INDEMNITY COMPANY *v.* D. H.
WILLARD *et al.*

(*Knoxville.*   September Term, 1911.)

1. **CHANCERY PRACTICE.**   *Decree overruling plea in abatement to jurisdiction is not a final decree passing upon the merits.*
A decree overruling a plea in abatement to the jurisdiction of the chancery court is not a final decree, and does not pass upon the merits in any particular.   (*Post, p.* 290.)

2. **APPEALS.**   *Final decree is defined in the sense entitling loser to appeal as of right.*
A final decree, in the sense that an appeal as a matter of right lies from it, is one that disposes of the entire merits of the case.   (*Post, p.* 290.)

Case cited and approved:   Younger v. Younger, 90 Tenn., 25, and citations.

3. **SAME.**   *Discretionary appeal does not lie from decree overruling plea in abatement to jurisdiction of chancery court.*
An appeal in the chancellor's discretion does not lie from a decree overruling a plea in abatement to the jurisdiction of the chancery court, because not within the terms of the statute authorizing such appeals, which are limited to the cases therein enumerated.   (*Post, pp.* 290, 291.)

Code cited and construed:   Sec. 4889 (S.); sec. 3874 (M. & V.); sec. 3157 (T. & S. and 1858).

Cases cited and approved:   Hume v. Bank, 1 Lea, 220; Barksdale v. Butler, 6 Lea, 454; Bomar v. Hagler, 7 Lea, 84; Sigler v. Vaughn, 11 Lea, 155; Younger v. Younger, 90 Tenn., 25.

Indemnity Co. v. Willard.

---

FROM HAMILTON.

---

Appeal from the Chancery Court of Hamilton County.
—T. M. McCONNELL, Chancellor.

SHIELDS, CATES & MOUNTCASTLE and BURKETT, MILLER & MOORE, for complainant.

CHAMBERS & COOPER and WILLIAMS & LANCASTER, for defendant.

---

MR. JUSTICE LANSDEN delivered the opinion of the Court.

The defendant, Willard, is a resident of Washington county, and the complainant company is a foreign corporation doing business in this State, after complying with the laws in respect thereto. Willard had brought suit in the law court at Johnson City against the company to recover damages for an alleged breach of contract, and while this suit was pending, the company filed the bill in this case against Willard and others in Hamilton county, seeking, among other things, to enjoin the suit pending in Washington county and have a complete settlement of all the matters existing between it and all of the defendants in this suit. Each of the de-

fendants filed pleas in abatement to the jurisdiction of the chancery court of Hamilton county, and, after different motions and amendments, issue was finally joined upon the pleas, and upon the proof the chancellor overruled these and sustained his jurisdiction. The decree then recites as follows:

"And the chancellor being of opinion that it is proper to allow an appeal at this time, the same is allowed to such of the defendants as desire to avail themselves thereof upon giving bond for said aappeal as required by statute. But defendants, Willard, Fisher, Miller, and The United States Fidelity & Guaranty Company do not appeal from that part of the decree allowing them twenty days in which to make further defense in case they are cast in this appeal."

This appeal must be dismissed because it is premature. This is not a final decree, nor is it an appeal that lies within the discretion of the chancellor under section 4889 of Shannon's Code. A final decree, in the sense that an appeal as a matter of right lies from it, is one that disposes of the entire merits of the case. *Younger* v. *Younger,* 90 Tenn., 25, and cases cited.

A decree overruling a plea in abatement to the jurisdiction does not pass upon the merits in any particular.

By section 4889 of Shannon's Code, the chancellor may in his discretion allow an appeal from "his decree determining the principle involved and ordering an account or a sale or partition, before the account is taken, or the sale or partition is made; or he may allow such appeal on overruling a demurrer; or he may allow any

party to appeal from a decree which settles his right, although the case may not be disposed of as to others."

It has uniformly been held by this court that the chancellor's discretion in allowing appeals under this section of the Code is limited to the cases therein enumerated. Manifestly, this appeal is not either of those cases and it is therefore premature. *Younger* v. *Younger,* 90 Tenn., 25; *Sigler* v. *Vaughn,* 11 Lea, 135; *Bomar* v. *Hagler,* 7 Lea, 84; *Barksdale* v. *Butler,* 6 Lea, 454; *Hume* v. *Bank,* 1 Lea, 220. The appeal is dismissed at the cost of the appellant.