## COMMERCE-UNION BANK v. B. HAIMAN et al.

Middle Section.    February 5, 1927.

No petition for Certiorari was filed.

1. **Pleading. Court looks to the substance of a pleading.**
   The court looks to the substance of a pleading rather than to the name which the party may give it. Regardless of the name that the party may give to the pleading, if it in substance meets or presents the issues the pleading will be held good. This rule applies to defensive pleading as well as to bills.

2. **Bill of review. Newly-discovered evidence. Requirement for newly-discovered evidence to justify a new trial stated.**
   In order to sustain a bill of review for newly-discovered evidence it must appear (1) that the alleged newly-discovered facts are not merely cumulative, but of such a cogent nature as to have been decisive, if they had been before the court at the former hearing; (2) that these facts were discovered too late to have been used at the former hearing; (3) that there was no want of diligence in not previously discovering these facts, and (4) that these facts are pertinent to the controversy and would have been proper to be used on the issues made by the pleadings in the former cause.

3. **Appeal and error. In consolidated cases each case must stand on its own merits.**
   In consolidated cases the rights of the parties depend upon the pleadings, proof and proceedings in the respective causes.

Appeal from Part I, Chancery Court of Davidson County; Hon. John R. Aust, Chancellor.

Affirmed and remanded.

Roberts & Roberts, of Nashville, for appellants.

William Hume, of Nashville, for appellee.

FAW, P. J. B. Haiman and wife, Rosa Haiman, defendants and cross-complainants below, have appealed to this court from the decree of the chancery court and have assigned errors here.

On November 12, 1924, the State Bank & Trust Company, of Nashville, Tennessee, obtained a judgment for $2175.50 against B.

Haiman and wife Rosa Haiman in the case of State Bank & Trust Company v. B. Haiman and Rosa Haiman, it being case No. 35043 on the docket of the chancery court of Davidson county, Part I. The Commerce-Union Bank acquired the business and all the assets of the State Bank & Trust Company, including the aforesaid judgment against B. Haiman and wife, and thereafter, viz.: on December 27, 1924, the original bill in the present case was filed by the Commerce-Union Bank for the purpose of subjecting equitable interests of Haiman and wife in certain real estate situated in Davidson county, Tennessee, to the satisfaction of the aforesaid judgment for $2175.50—it being alleged in the bill that an execution had issued on said judgment and had been returned nulla bona. The holders of the legal title to the several parcels of real estate involved were made defendants to the bill, but they are not contesting the relief sought by the complainant bank.

B. Haiman and wife answered the bill on January 26, 1925, and filed their answer as a cross-bill. Haiman and wife were permitted (by preliminary leave of the Chancellor) to file their cross-bill "'as a pleading in the nature of a bill of review.'" It was sought by the cross-bill to obtain a review and reversal of the aforesaid judgment of November 12, 1924, because of evidence which it was alleged had been discovered since the rendition of said judgment.

The Commerce-Union Bank demurred to the cross-bill of Haiman and wife, but the demurrer was overruled. It was stated in the order overruling the demurrer that the court was "of opinion such matters should be set up by plea or answer." Thereupon the cross-defendant bank filed a self-styled "plea" to the cross-bill, and cross-complainants joined issue on the plea. More specific reference will be made to this "plea" when we come to consider and dispose of the appellants' assignments of error.

The case was thereafter heard upon the pleadings before mentioned, with the exhibits thereto, and the deposition of the cross-complainant B. Haiman, whereupon the Chancellor was of the opinion and adjudged that the defendants B. Haiman and wife had full opportunity to present their proof in said former cause, the complainant bank having taken its proof on September 13, 1923, and the cause not having been tried until November 12, 1924; that no good and sufficient reason is given by said Haiman as to why he did not offer proof in said former cause; that it does not appear that the proof taken in the present cause constitutes newly-discovered evidence and it does not appear that such proof would have changed or affected the decree in the former cause. The Chancellor thereupon dismissed the cross-bill of Haiman and wife at their cost.

Following the dismissal of the cross-bill the Chancellor ordered a sale of the equitable interests of Haiman and wife in the lands de-

scribed in the original bill as prayed for therein, and from this decree the Chancellor granted to B. Haiman and Rosa Haiman an appeal to this court, which they perfected in due season.

The admissions of Haiman and wife in their answer to the original bill are sufficient to justify the relief granted to the complainant bank under its bill, provided there was no error in the dismissal of the cross-bill of Haiman and wife which sought a review of the decree in the former case No. 35043 for alleged newly-discovered evidence.

Appellants contend that the only pleading filed by the bank, after its demurrer to the cross-bill had been overruled, was a plea of former adjudication, and that, therefore, when the Chancellor adjudged that ''the defendants B. Haiman and wife Rosa Haiman had full opportunity to present their proof in said former cause,'' etc., there was no such issue joined. Appellants say, in this connection, that the only question submitted to the court below (by the pleadings) was whether or not the plea of former adjudication was sustained by the proof, and that the court did not undertake to decree upon this question at all.

It is seen that the predicate of the appellants' contention is that the ''plea'' filed by cross-defendant bank is a plea of ''former adjudication.'' This is, in our opinion, an erroneous assumption. The plea is, in full, as follows:

''The cross-defendant, Commerce-Union Bank, for plea to the cross-bill in the nature of a bill of review filed against it in this cause, says:

''The cross-bill seeks to have the decree of November 12, 1924, in the cause of State Bank & Trust Co. v. B. Haiman and Wife, Rosa Haiman, Rule No. 35043, opened and reviewed on the ground of the discovery of new proof, whereas, the pleadings and proof in said cause clearly show that each and every one of the items of alleged new proof were considered and testimony concerning them introduced in said cause, and credit for same given cross-complainants. That the cross-bill is merely a repetition of matters and things insisted upon by cross-complainants in their original pleadings, all of which are fully explained in the proof; and by reference to the pleadings and proof, it appears that the alleged newly-discovered proof urged by cross-defendants is not, in fact, newly discovered. The alleged newly-discovered proof is nothing more nor less than certain memoranda in the possession of the cross-complainants, appearing also in the records of cross-defendant, and concerning which testimony was taken, and is a part of the record, and credit for the alleged new items were given cross-complainants.

''Therefore, the cross-defendant pleads the pleadings, proof, decree and the entire record in said original cause, which is attached to this

plea, and filed as Exhibit 'A' hereto, and made a part hereof, as though fully copied herein.

"And the cross-defendant demands the judgment of the court, whether it shall be compelled to make any further or other answer to said cross-bill in the nature of a bill of review."

For obvious reasons, a technical plea of former adjudication would not be an appropriate defense to a bill of review. But the pleading above quoted, whether it be described as a plea or an answer, was, if its averments are true, a complete defense to the cross-bill as a bill of review. Moreover, it presents, in substance, the defenses to the cross-bill which were sustained by the Chancellor as before stated.

The court looks to the substance of a pleading rather than to the name which the parties may give it. "There is no magic in forms or names in a court of equity." See Gibson's Suits in Chancery (Rev. Ed.), sec. 269, note 14 and cases there cited.

In Arnold v. Moyers, 1 Lea, 308, 309, it is said: "the particular name given the bill is not of much importance, as the rights of the parties must be ·determined on the matter of equity set forth, and not how it may be entitled."

We perceive no sound reason why the rule just stated with reference to bills should not apply as well to defensive pleadings.

We concur in the findings of the Chancellor upon the issues made by the cross-bill of Haiman and wife and the above quoted answer of the bank thereto.

"More or less new evidence comes to light on each side after a trial, and if a cause be reheard on mere cumulative evidence, every original hearing would be a mere preliminary skirmish. The new cumulative evidence discovered by each party since the hearing must ordinarily be deemed equiponderant.

"In the next place, the matter must not only be new, but it must·be such as the party, by the use of reasonable diligence, could not have known; for, if there be any laches or negligence in this respect, that destroys the title to the relief. The rule is well settled that the new matter must not have been discovered until after the time for taking proof had expired; but if the nature of the new evidence is such that the party, or his solicitor, with proper diligence might have had it at the hearing, no relief will be granted. The inquiry is not what the applicant knew, but what by due diligence he might have known." Gibson's Suits in Chancery (Rev. Ed.), sec. 1238.

In order to sustain a bill of review for newly-discovered evidence it must appear (1) that the alleged newly-discovered facts are not merely cumulative, but of such a cogent nature as to have been decisive, if they had been before the court at the former hearing; (2) that these facts were discovered too late to have been used at the former hearing; (3) that there was no want of diligence in not previ-

ously discovering these facts, and (4) that these facts are pertinent to the controversy and would have been proper to be used on the issues made by the pleadings in the former cause. Gibson, sec. 1247; 21 Corpus Juris, pp. 755-760; 10 R. C. L., p. 574 and cases there cited.

Although the decree in the present case recites that the case was heard by the Chancellor upon (among other things) "the entire record in the former cause of State Bank & Trust Company v. B. Haiman and Wife, Rosa Haiman," the pleadings in that case are not in the transcript of the record brought up to this court. The transcript contains the pleadings in the case of B. Haiman and Wife v. State Bank & Trust Company et al. (No. 34866 on the docket of the chancery court) which was by consent consolidated with the case of State Bank & Trust Company v. B. Haiman and Wife, No. 35043, in which latter case the decree now sought to be reviewed was rendered. But in consolidated cases the rights of the parties depend upon the pleadings, proof and proceedings in the respective causes. Mowry v. Davenport, 6 Lea, 80; Ogburn v. Dunlap, 9 Lea, 162, 165, and other cases there cited.

The burden was on the cross-complainants, Haiman and wife, to show that the alleged newly-discovered facts were "pertinent to the controversy and proper to be used on the issues made by the pleadings" in the former suit, and, for that reason, the appellee cannot suffer by the absence from the transcript of the pleadings in the case No. 35043. However, we think it apparent from the record that in the chancery court all the parties and the Chancellor proceeded without question on the assumption that the alleged newly-discovered facts were pertinent to the issues made by the pleadings in the former case, and this theory must therefore be adhered to on the appeal. 2 R. C. L., pp. 79-82.

It results from the views that we have stated herein that all the assignments of error of the appellants Haiman and wife are overruled and the decree of the chancery court is affirmed, and the cause will be remanded to the chancery court of Davidson county, Part I, for the execution of the decree. The costs of the appeal will be adjudged against the appellants Haiman and wife and the surety on their appeal bond.

Crownover and DeWitt, JJ., concur.