ARTHUR H. DuGRENIER, INC., Appellant,

*v.*

COE STONE, Appellee.

415 S.W.2d 883.

(*Jackson*, April Term, 1967.)

Opinion filed May 22, 1967.

JAMES D. CAUSEY, Memphis, for appellant.

PAUL W. DENTON, Memphis, for appellee.

MR. JUSTICE CHATTIN delivered the opinion of the Court.

Appellee, Coe Stone, filed this bill against the appellant, Arthur H. DuGrenier, Inc., for liquidated damages for the conversion of certain coin vending machines. The bill was filed on June 10, 1966, and alleged that on October 5, 1963, the defendant, a Massachusetts corporation not qualified nor domesticated to do business in this State, seized and confiscated the machines in Memphis. Complainant alleged this was a transaction of business in this State and a tort within the meaning of Chapter 67 of the Public Acts of 1965, known as Tennessee's new "Long-Arm" statute.

Services of process was obtained on the defendant under the Act codified as T.C.A. Sections 20-235 through 20-240, inclusive.

The defendant filed a plea in abatement on the ground the legislation was unconstitutional.

The Chancellor overruled the plea and granted defendant a discretionary appeal.

We must dismiss the appeal as being premature. A decree overruling a plea in abatement is not an interlocutory decree from which an appeal will lie under T.C.A. Section 27-305. Thus, this Court has not acquired jurisdiction in the instant case. *Citizens' Bank and Trust Co. v. Bayles,* 153 Tenn. 40, 281 S.W. 932 (1925); *Employers' Indemnity Co. v. Willard,* 125 Tenn. 288, 151 S.W. 1029 (1911); *Younger v. Younger,* 90 Tenn. 25, 16 S.W. 78 (1890).

The appeal is dismissed at the cost of appellant.

BURNETT, CHIEF JUSTICE, DYER and CRESON, JUSTICES, and HARBISON, SPECIAL JUSTICE, concur.