Virgil L. Grant, et ux., Appellees,

*v.*

Lester Martin et ux., Appellants.

428 S.W.2d 785.

(*Jackson*, April Term, 1968.)

Opinion filed May 24, 1968.

W. W. Lackey, Savannah, for appellees.

Ross & Ross, Savannah, for appellants.

MR. JUSTICE CRESON delivered the opinion of the Court.

The appellees, Virgil L. Grant, et ux, filed this original bill against the appellants, Lester Martin, et ux, in the Chancery Court of McNairy County. By their bill, the appellees primarily sought the recission of a transaction involving the sale of real property located in Hardin County. The appellants filed a plea in abatement, challenging the venue of the action, in which they asserted that the proper venue was Hardin County, the situs of the land, and not McNairy County, the residence of the appellants-defendants.

The trial court overruled the plea in abatement and granted the appellants a discretionary appeal to this Court. A threshold question must be decided; that is, whether this appeal is premature.

It is clearly the law of Tennessee that there is no right of appeal as to any other than final judgment or decree, except as provided by statute, T.C.A. sec. 27-305, which is:

"27-305. *Discretionary appeal before final decision.*— The chancellor or circuit judge may, in his discretion, allow an appeal from his decree in equity causes determining the principles involved and ordering an account or a sale or partition or other character of reference, before the account is taken or the sale or partition is made or the reference had; or he may allow such appeal on overruling a demurrer; or he may allow any party to appeal from a decree which settles his

right, although the case may not be disposed of as to others; or he may allow any party to appeal from a judgment or decree which settles the rights of the parties, although the amount of damages or compensation has not been determined. (Code 1858, sec. 3157 (deriv. Acts. 1835-1836, ch. 3, sec 17); Shan., sec. 4889; Code 1932, sec. 9038; Acts 1953, ch. 154, sec. 1; 1955, ch. 172, sec. 1.)''

The statute quoted is the only provision in this State for discretionary appeal. For such appeal to lie, it must fall within the ambit of this statute. If it does, the lower court may, in the exercise of its discretion, grant the appeal; if it does not, the lower court shall not grant the appeal.

■ This Court has held more than once that a decree overruling a plea in abatement is not an interlocutory decree from which an appeal will lie under T.C.A. sec. 27-305. *Citizens' Bank and Trust Co. v. Bayles* (1925), 153 Tenn. 40, 281 S.W. 932; *Employers' Indemnity Co. v. Willard* (1911) 125 Tenn. 288, 151 S.W. 1029; *Younger v. Younger* (1890), 90 Tenn. 25, 16 S.W. 78. This rule was reaffirmed last year in an opinion which dismissed a discretionary appeal granted from a decree overruling a plea in abatement. *Arthur H. Dugrenier, Inc. v. Stone* (1967), 220 Tenn. 225, 415 S.W.2d 883.

Both parties forcefully argue the merits of the pleas in abatement and the replication thereto; and stipulate that the land in question lies exclusively in Hardin County. We entertain little doubt but that appellants are correct in saying that exclusive jurisdiction of this case lies in Hardin County.

However this may be, the present appeal is not within the ambit of T.C.A. sec. 27-305; and, therefore, is premature. The appeal is dismissed at the costs of the appellants.

BURNETT, CHIEF JUSTICE, DYER and HUMPHREYS, JUSTICES, and SENTER, SPECIAL JUSTICE, concur.