HERBERT E. RUCKART et al, Appellants,

*v.*

MORGAN A. SCHUBERT et al, Appellees.

443 S.W.2d 466

(*Knoxville*, September Term, 1968.)

Opinion filed June 27, 1969.

RICHARD STAIR, Knoxville, for appellants.

J. ANTHONY BROWN, EARL S. AILOR, and W. KEITH McCORD, Knoxville, for appellees.

216

See also 224 Tenn.——, 451S.W.2d 682.

Mr. Justice Creson delivered the opinion of the Court.

Herbert E. Ruckart and others appeal to this Court from a decree of the Chancery Court of Knox County. The parties to this appeal will be referred to as they appeared in the trial court; that is, Herbert E. Ruckart, et al. as complainants, and Morgan A. Schubert, Mrs. Cora Lee Schubert, Breck Ellison, National Cash Register Company, Knox County, the Board of Commissioners of Knox County, and the Knox County Quarterly Court, as defendants.

Complainants live in various residential subdivisions along Kingston Pike in the western portion of Knox County, Tennessee. The homes of complainants surround and overlook approximately seventy acres owned by defendants Schubert.

For some years, the defendant Board of Commissioners gave to all property owned by complainants and by defendants Schubert, in this area, the zoning classification "Residential B." On May 8, 1968, the defendant Board of Commissioners, by ordinance, changed the zoning classification of that property owned by defendants Schubert to "Commercial C".

Complainants allege that the action of the defendant Board of Commissioners, in changing the zoning classi-

fication of the property of defendants Schubert, will (1) impair "their rights to the use and enjoyment of their homes" and (2) "depreciate the * * * value" of their homes.

In the original bill filed June 20, 1968, and an amended and supplemental bill filed September 12, 1968, complainants aver (1) that the ordinance which changed the zoning classification of the property owned by defendants Schubert constitutes "spot zoning" in contravention of Article XI, Section 8 of the Constitution of Tennessee, and (2) that the defendant Board of Commissioners lacked authority on May 8, 1968, to enact the ordinance changing the zoning classification of the property owned by defendants Schubert.

Complainants prayed for a declaratory judgment and for general relief.

Certain of the defendants filed a demurrer, insisting in effect that the bill showed on its face (1) that the ordinance did not amount to "spot zoning", (2) that complainants may not seek judicial review of the questioned ordinance other than by petition for a writ of certiorari under T.C.A. Sec. 27-901 et seq., and (3) that the Board of Commsisioners did not lack authority to enact zoning ordinances.

In an able memorandum opinion, the trial court found (1) that the allegations of the original bill, if proved, stated a maintainable cause of action on the question of "spot zoning", (2) that complainants could properly seek a declaratory judgment to test the validity of a zoning ordinance, and (3) that, on May 8, 1968, the defendant Board of Commissioners did not lack authority to enact zoning ordinances.

The decree of the trial court thus overruled defendants' demurrer as to the first and second grounds, but sustained it as to the remaining ground. It is complex, indeed, to accommodate the memorandum opinion of the Chancellor and the decree, itself. This seems to be due, in large measure, to a somewhat disarrayed arrangement of the original bill. Be all this as it may, however, the fact remains that the Chancellor's decree makes no disposition of the case itself, but merely attempts to analyze and answer the various contentions made.

All the parties excepted to the decree and prayed "discretionary" appeals to this Court. Only the complainants have affected an appeal.

A threshold issue requires decision; that is, whether or not the appeal is premature.

Under Article VI, Sections 1 and 2, of the Constitution of Tennessee, the jurisdiction of this Court is appellate only, under such restrictions and regulations as may, from time to time, be prescribed by law.

This Court is thus, constitutionally, a tribunal of appeals and errors, with jurisdiction which can only be exercised upon questions and issues tried and adjudged by inferior courts, the burden resting upon the appellant or plaintiff in error to show the adjudication and the error therein of which he complains. See Rule 14(5), Rules of the Supreme Court of Tennessee, 218 Tenn. 816, and the cases cited therein.

■ The rule in Tennessee is now, and always has been, that an appeal lies to this Court only from a final judgment or decree. *Joslyn v. Sappington* (1806), 1 Tenn. 222; *Abbott v. Flagg* (1870), 48 Tenn. 742; *Hunter v.*

*Gardenhire* (1882), 78 Tenn. 87, and *Grant v. Martin* (1968), 221 Tenn. 563, 428 S.W.2d 785.

A final decree or judgment is one which decides and disposes of the entire merits of the case. *Younger v. Younger* (1891), 90 Tenn. 25, 16 S.W. 78. A decree is not final and an appeal does not lie as a matter of right until there has been a final adjudication of the rights and equities of all the parties. *Barksdale v. Butler* (1880), 74 Tenn. 450.

The Legislature has created limited exception to the general rule. Under T.C.A. sec. 27-305, as amended, a Chancellor or Circuit Judge may, in his discretion, allow appeals from a decree in equity causes, determining the principles involved and (1) ordering an account or a sale or partition, or other character of reference, before the account is taken or the sale or partition is made, or the reference had, (2) overruling a demurrer, (3) settling the right of any party, although the case may not be disposed of as to others, and (4) settling the rights of the parties, although the amount of damages or compensation has not been determined.

T.C.A. sec. 27-305 is the only provision in Tennessee for discretionary appeal. For such appeal to lie, it must fall within the ambit of this statute. If it does, the lower court may, in the exercise of its discretion, grant the appeal. If it does not, the lower court shall not grant the appeal. *Grant v. Martin,* supra.

It is manifest from the terms of this section that, in the view of the Legislature, the decrees and judgments described in the statute were not final, and that legislation was required to authorize an appeal. It was apparently the intent of the Legislature to allow an appeal as

of right from a final judgment or decree, and as of favor in the instances specified in the statute. See *Abbott v. Flagg*, supra.

Complainants have assigned as error in the instant case only that portion of the decree below which rules that the defendant Board of Commissioners did not lack authority to enact the questioned zoning ordinance.

Complainants have thus appealed from that portion of the decree which sustained, not overruled, the third ground of defendants' demurrer. Complainants further appeal from a decree which did not dismiss either the original or supplemental bill.

Patently, the instant case falls under the general rule and does not come within the statutory exceptions.

It is proper and fitting to state here that the purpose of the structure of our judicial system, is to allow all parties fair opportunity to have errors prejudicial to them corrected on one appeal. Should this purpose not be adhered to, appeals from every ruling of a Chancellor or Judge would crowd our appellate courts, rendering litigation interminable and prohibitively expensive. Such petty appeals would create delays which would work a denial of justice.

We are of opinion that this appeal is premature and unauthorized by law. The appeal is therefore dismissed and the case is remanded to the Chancery Court of Knox County for such further proceedings as may be deemed necessary. Costs of this appeal are assessed against appellants, Herbert E. Ruckart, et al.

BURNETT, CHIEF JUSTICE, and DYER, CHATTIN and HUMPHREYS, JUSTICES, concur.