STATE of Tennessee, By and Through Phil M. CANALE, Jr., District Attorney General for the 15th Judicial Circuit on relation of E. Woody HALL, et al., Plaintiffs,

v.

MINIMUM SALARY DEPARTMENT OF the AFRICAN METHODIST EPISCOPAL CHURCH, INC., a Tennessee Corporation, et al., Defendants.

Supreme Court of Tennessee.

Feb. 7, 1972.

**12**

Eugene C. Gaerig, Asst. Dist. Atty. Gen.,
Montedonico, Heiskell, Davis, Canale &
Glankler, Gerber, Gerber, Marshall & Rule-
man, Memphis, for relators-appellees.

Hanover, Walsh, Barnes & Jalenak,
Ratner, Sugarmon & Lucas, Memphis, for
defendants-appellants.

## OPINION

HUMPHREYS, Justice.

■ The majority of the Court is of opinion the motion to dismiss incorporates grounds equivalent to a demurrer and so should be treated as before this Court on discretionary appeal. The motion to dismiss is made on the basis of Rule 12.02: (1) that the courts lack jurisdiction of the subject matter; (6) the complaint fails to state a claim upon which relief can be granted; and the complaint fails to join an indispensable party.[1] These grounds for the motion to dismiss are equivalent to a demurrer and should be treated as such for purposes of discretionary appeal under § 27–305 T.C.A.[2]

■ It has long been the rule of this Court that pleas shall be given the effect required by their content, without regard to the name given them by the pleader. Murphy v. Johnson, 107 Tenn. 552, 64 S.W. 894 (1901); Arnold v. Moyers, 69 Tenn. 308 (1878); Dreher v. Hill, 5 Tenn. App. 10 (1927); Commerce Union Bank v. Haiman, 4 Tenn.App. 669 (1927). We see no reason why this rule should not be applied in this case, in implementation of the Rules of Civil Procedure adopted by this Court and approved by the legislature.

■ The first ground of the motion is that the court had no jurisdiction of the subject matter for a variety of reasons. A demurrer will lie for want of jurisdiction in the court. Caruthers' History of a Lawsuit, 8th Ed., § 202. We are of opinion however that this ground of the motion is not good. The basis of the motion is that the Minimum Salary Department of

---

1. The dissent contains a full statement of the case, the pleadings and the issues, having first been written as the proposed opinion of the Court.

2. "27–305. *Discretionary appeal before final decision.*—The chancellor or circuit judge may, in his discretion, allow an appeal . . . in equity causes . . . on overruling a demurrer . . . ."

the African Methodist Episcopal Church, Inc. is not a public, charitable Tennessee corporation. This assumption is contrary to the allegations of the complaint, which must be taken as true on a motion to dismiss on grounds equivalent to a demurrer. Taking this allegation of the complaint, together with allegations of diversion of funds, we have a quo warranto case of which the Court has jurisdiction.

The second part of this complaint of no jurisdiction of the subject matter is, that relators do not possess the requisite interest to maintain the suit. This ground is not good. § 23–2810 T.C.A., a part of the quo warranto statute, provides that anyone who gives security for the costs of the proceedings can be a relator.

Another ground of the motion is lack of an indispensable party, the parent church, the African Methodist Episcopal Church, Inc., a Pennsylvania corporation. This ground of the motion is not good. The Minimum Salary Department of the African Methodist Episcopal Church, Inc., is a separate Tennessee corporation, chartered in Tennessee as a public welfare corporation, for charitable purposes, and as such is the only party necessary to a quo warranto proceeding in which all of the allegations of malfeasance and misfeasance are against the corporate officers of the Tennessee corporation.

Failure to join an indispensable party may be taken advantage of by demurrer, Gibson's Suits in Chancery 5th Ed., § 118, so we have considered this ground.

We are of opinion that the Chancery Court has jurisdiction of the subject matter, that the complaint states a claim upon which relief can be granted, and that all necessary parties are before the court. Accordingly, we affirm the action of the Chancellor in overruling the motion to dismiss. However, there are some observations it is necessary to make at this time with respect to the granting of discretionary appeals on the overruling of a motion to dismiss.

Hereafter this Court will not consider any discretionary appeal from action on a motion to dismiss unless the chancellor has designated the particular grounds of the motion which he regards as amounting to a demurrer, and the discretionary appeal limited to these particular grounds. A discretionary appeal without this particularization of grounds of the motion to dismiss, or such an appeal predicated on the entire motion to dismiss, will be dismissed.

Since the free granting of discretionary appeals unnecessarily delays final disposition of cases, such appeals should be allowed only in the rare instance where the chancellor has grave doubt as to the correctness of his ruling on the demurrer. This attitude of discouragement of such appeals will enter into this Court's disposition thereof.[3]

The order of the chancellor overruling the motion to dismiss is affirmed with respect to all grounds amounting to a demurrer, and the case is remanded to the lower court for further proceedings.

DYER, C. J., McCANLESS, J., and JENKINS, Special Justice, concur.

CRESON, J., dissents.

CRESON, Justice (dissenting).

With all respect I must dissent from the Opinion of the majority in this case. This follows from the specific nature and restrictive character of the language of the discretionary appeal statute, itself.

3. If this Court is to preserve the practice of discretionary appeals, and so give effect to the legislative intent that discretionary appeals be allowed, because of the permissible breadth of a motion to dismiss under Rule 12.02, trial courts must restrain themselves in allowing such appeals, and this Court must insist that such appeals conform to the requirements of this opinion.

The instant case involves a quo warranto action instituted in the Chancery Court of Shelby County, Part II, pursuant to the provisions of T.C.A. § 23–2801 et seq. Appellants filed a motion to dismiss pursuant to Rule 12.02 of the Rules of Civil Procedure. The Chancellor overruled the motion and granted a discretionary appeal to this Court.

The State of Tennessee, hereinafter referred to as complainant, commenced the instant action by and through Phil M. Canale, Jr., District Attorney General for the Fifteenth Circuit, on relation of E. Woody Hall, A. J. Reddick, and Samuel W. Davis. This suit was instituted against Minimum Salary Department of the African Methodist Episcopal Church, Incorporated, a Tennessee corporation, and the directors of the above named corporation, to-wit: H. Ralph Jackson, E. M. Johnson, W. L. Jamerson, Vernalure Patterson, Loyce Patrick, and M. D. Blackburn. In this opinion the corporation and its directors will be referred to as defendants.

Complainant alleges that the relators, E. Woody Hall, A. J. Reddick, and Samuel W. Davis, are ordained ministers of the African Methodist Episcopal Church, Incorporated, which is a nonprofit corporation organized and existing by virtue of the laws of the Commonwealth of Pennsylvania; that Minimum Salary Department of the African Methodist Episcopal Church, Incorporated, is a Tennessee corporation not for profit organized pursuant to T.C.A. § 48–1301 et seq.; that Minimum Salary Department maintains its offices and principal place of business in Shelby County, Tennessee; that pursuant to T.C.A. § 48–1309 the Tennessee corporation is a subordinate board or agency of the African Methodist Episcopal Church having as its purpose to receive funds from the Church, invest those funds, and disburse the proceeds of the investments to supplement the salary of the ministers of the Church.

Complainant further alleges that the individual defendants, H. Ralph Jackson, E. M. Johnson, W. L. Jamerson, Vernalure Patterson, Loyce Patrick, and M. D. Blackburn are the directors of Minimum Salary Department; that the board of directors approved a loan of corporate funds to defendant H. Ralph Jackson in violation of T.C.A. § 48–814(2); that the members of the board of directors have conducted the business of Minimum Salary Department and administered funds of the corporation in violation of their fiduciary duty as directors in that defendant directors approved and loaned $400,000.00 to two foreign corporations and did not take any security for the repayment of this amount; that the directors have used the funds of Minimum Salary Department to pay their own personal indebtedness;. and that the individual defendants have used the funds of the corporate defendant to invest in ventures for their own personal profit. Complainant prays that defendants be required to account for their management of the property entrusted to their care; that a receiver be appointed to take charge of the affairs of Minimum Salary Department and to marshal its assets; that all improper alienations of funds and property be set aside and restrained; that the individual defendants be removed as directors of defendant corporation; and that Minimum Salary Department be removed as trustee of the funds of the African Methodist Episcopal Church, Incorporated.

Defendants filed a motion to dismiss pursuant to Rule 12.02 of the Rules of Civil Procedure. Defendants have five separate grounds stated in their motion. These grounds are: (1) that the trial court has no subject matter jurisdiction of the instant controversy; (2) that the court below lacks jurisdiction over the person of the defendant; (3) that the African Methodist Episcopal Church, Incorporated, is an indispensable party which has not been joined as a party defendant; (4) that the complaint fails to state a claim upon which relief can be granted in that the instant suit was brought to determine private ecclesiastical matters of a church; and (5) that the quo warranto suit is pre-

mature since there is effective and adequate remedy provided by the parent church to redress any grievances.

The Chancellor determined the motion to dismiss was not well founded and overruled it. He granted defendants a discretionary appeal to this Court pursuant to T.C.A. § 27–305. T.C.A. § 27–305 provides as follows:

> *"Discretionary appeal before final decision.*—The chancellor or circuit judge may, in his discretion, allow an appeal from his decree in equity causes determining the principles involved and ordering an account or a sale or partition or other character of reference, before the account is taken or the sale or partition is made or the reference had; or he may allow such appeal on overruling a demurrrer; or he may allow any party to appeal from a decree which settles his right, although the case may not be disposed of as to others; or he may allow any party to appeal from a judgment or decree which settles the rights of the parties, although the amount of damages or compensation has not been determined."

In the instant case we need not determine whether or not the Chancellor was correct in overruling the motion to dismiss since we are confronted with the threshold question of whether this Court has jurisdiction to hear the discretionary appeal. After thoroughly reviewing the record, the scope of our discretionary appeal statute, and our prior decisions, we hold that jurisdiction of this Court cannot be invoked in the case at bar and that the Chancellor improvidently granted the discretionary appeal.

In Tennessee a quo warranto proceeding is a suit which is equitable in character. State ex rel. v. Ward (1931) 163 Tenn. 265, 43 S.W.2d 217. However, the mere fact that a particular action is an equity cause does not in and of itself allow this Court to entertain a discretionary appeal. The rule is well settled in Tennessee that the Chancellor's discretion to grant an appeal under T.C.A. § 27–305 is limited to those cases expressly enumerated in the statute. See Employers' Indemnity Co. v. Willard (1911) 125 Tenn. 288, 151 S.W. 1029, and cases cited therein; Grant v. Martin (1968) 221 Tenn. 563, 428 S.W.2d 785.

It is apparent beyond dispute that the General Assembly has not empowered Chancellors or Circuit Court Judges to grant a discretionary appeal from an order overruling a motion to dismiss made pursuant to Rule 12.02. It is a function of the Legislature and not of this Court to amend the statute to allow a discretionary appeal when a motion to dismiss under Rule 12.02 is overruled in the trial court.

I would dismiss the appeal, at the cost of defendants.