FILED

07/07/2025

Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
February 18, 2025 Session

## SETH DOWNING v. KNOX COUNTY BOARD OF ZONING APPEALS ET AL.

**Appeal from the Circuit Court for Knox County**
**No. 121423     E. Jerome Melson, Judge**

———————————————————

**No. E2024-00844-COA-R3-CV**

———————————————————

This appeal arises out of a local planning commission's approval of a development plan application. The Plaintiff sought to appeal the planning commission's approval of the application to the local board of zoning appeals; however, a local zoning ordinance permitted the plan applicant to opt out of the appeal before the board of zoning appeals, which he did. The plaintiff then filed a petition for a writ of certiorari in the circuit court, challenging the planning commission's approval of the application and the dismissal of his appeal by the board of zoning appeals. The plaintiff claimed that the opt-out provision violates his constitutional right; thus, by applying the opt-out provision, the board of zoning appeals acted illegally. The circuit court dismissed the petition, holding that the plaintiff impermissibly combined an original action with a petition for certiorari review. The circuit court also dismissed the plaintiff's claim regarding the planning commission's actions because the plaintiff did not sufficiently verify his petition. Finding no reversible error, we affirm the judgment of the circuit court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

KRISTI M. DAVIS, J., delivered the opinion of the Court, in which D. MICHAEL SWINEY, C.J., and THOMAS R. FRIERSON, II, J., joined.

Daniel A. Sanders, Knoxville, Tennessee, for the appellant, Seth Downing.

Benjamin C. Mullins and Richard E. Graves, Knoxville, Tennessee, for the appellee, Serghey Botezat.

Michael Moyers, Knoxville, Tennessee, for the appellees, Knox County Board of Zoning Appeals and Knox County, Tennessee.

John T. Batson, Jr. and Emily C. Taylor, Knoxville, Tennessee, for the appellee, Knox County Planning Commission.

## OPINION

### BACKGROUND

The appellant, Seth Downing ("Plaintiff"), owns and resides at the property located at 7201 Ball Camp Pike in Knoxville. Appellee Serghey Botezat ("Developer") owns the abutting property at 0 Ball Camp Pike. On April 24, 2023, Developer submitted a development plan application to Appellee Knox County Planning Commission ("Planning Commission") requesting approval of a 32-unit multi-dwelling development on Developer's property. On June 8, 2023, Planning Commission voted to approve the application.

On July 6, 2023, Plaintiff timely appealed the approval to Appellee Knox County Board of Zoning Appeals ("BZA") by filing a Knox County Board of Zoning Appeals Application. BZA placed the appeal on its agenda for July 26, 2023. On July 19, 2023, Developer's counsel sent a letter to the Knox County Law Director exercising Developer's right under Knox County Zoning Ordinance ("KCZO") § 6.50.08(b)[1] to opt out of the BZA appeal. Accordingly, BZA removed Plaintiff's appeal from its agenda.

On August 7, 2023, Plaintiff filed a complaint against BZA; Planning Commission; Knox County, Tennessee; and Developer (together, "Defendants") in the Knox County

---

[1] Section 6.50.08 provides:

*Appeal of development plans*. In any Zone in which a "development plan" or "plan for development" must be approved by the planning commission prior to the construction or alteration of any building or development, any person, firm or corporation aggrieved by the decision of the planning commission regarding such development shall follow the following procedure for appeals:

(a) The aggrieved person or entity may file an appeal either to the Board of Zoning Appeals or to a court of competent jurisdiction within thirty (30) days of the decision being appealed.

(b) The Applicant for the development plan being challenged may opt out of the BZA appeal by sending, by certified mail, a notice of demand to have the matter heard by a court of competent jurisdiction to the Knox County Law Director's Office, with a copy of said notice sent by certified mail to the address of the aggrieved appellant(s), within fifteen (15) days of the filing of the BZA appeal.

(c) In the event that such notice is filed with the Law Director's Office, the appellant shall file the appeal with a court of competent jurisdiction within thirty (30) days of the notice having been mailed.

Circuit Court (the "trial court"). The complaint challenges Planning Commission's approval of the application and BZA's removal of Plaintiff's appeal from its agenda. Defendants filed a motion to dismiss, and the trial court granted Plaintiff leave to amend the complaint. Plaintiff filed an amended complaint on January 26, 2024. The amended complaint alleges that Planning Commission's decision approving the application "is not supported by material evidence and was illegal, arbitrary, and capricious" and that Plaintiff was aggrieved by the approval "due to, among other reasons, the hazards attendant to increased traffic volume, diminution of his property value, adverse effect on the character of his neighborhood, violations of applicable law, and the likelihood of decreased or inadequate utilities in the area." The amended complaint also alleges that "BZA's failure to hold a hearing on Plaintiff['s] appeal was illegal, arbitrary, and capricious" because it violates state law. Alternatively, Plaintiff alleged that KCZO § 6.50.08(b) and (c) (together, the "opt-out provision") violate Plaintiff's equal protection rights under the Fourteenth Amendment to the United States Constitution, deny Plaintiff due process in violation of the private non-delegation doctrine under the Due Process Clause of the Fourteenth Amendment, and restrict Plaintiff's First Amendment rights as those rights are incorporated by the Fourteenth Amendment. The amended complaint requests that the trial court overturn the Planning Commission's decision and/or BZA and grant Plaintiff an award of damages, reasonable attorney's fees, and expenses pursuant to 42 United States Code §§ 1983 and 1988.

Both the original complaint and the amended complaint contain a notarized verification signed by Plaintiff's counsel, which states:

> Daniel A. Sanders, after being duly sworn, states as follows:
>
> I am Daniel Sanders. I am counsel for [Plaintiff], and authorized to execute this affidavit on his behalf. I am above the age of majority and competent to verify the foregoing Petition for Writ of Certiorari. The statements contained in this affidavit are based on my personal knowledge. After review of the foregoing Complaint, I personally appeared before the undersigned notary public and affirm that *the Complaint is true and correct to the best of my knowledge, information, and belief.*
>
> Further affiant saith not.

(Emphasis added).

On February 12, 2024, Defendants filed a joint motion to dismiss the amended complaint for failure to state a claim upon which relief could be granted and for lack of subject matter jurisdiction. As to BZA removing Plaintiff's appeal from its agenda, Defendants argued that the amended complaint "impermissibly seeks declaratory relief" – instead of simply seeking certiorari review – because it "seeks a substantive ruling that the

opt[-]out provision is illegal and invalid." Defendants also argued that Plaintiff's request for attorney's fees under §§ 1983 and 1988 is an original cause of action that cannot be joined with a petition for writ of certiorari. Defendants then argued that the trial court lacked subject matter jurisdiction over Plaintiff's claims regarding Planning Commission's action because neither the original complaint nor the amended complaint were adequately verified as required by Tennessee Code Annotated § 27-8-106.[2] Specifically, they argued that "a verification made merely upon one's belief is insufficient to establish the personal knowledge necessary for a legal[ly] effective averment[;]" therefore, they argued, Plaintiff's counsel's verification made "to the best of [his] knowledge, information, and belief" does not meet the "personal knowledge" requirement. They also argued that an attorney should not be allowed to sign a verification to a petition for certiorari review on behalf of his or her client because "[i]t is particularly important for a petitioner himself to verify a petition in certiorari appeals, as the petitioner must show some particularized aggrievement *not common to the public generally* to have standing to appeal." They argue that "it would strain credulity for someone other than the petitioner to have actual[] personal knowledge of the special injury befalling the petitioner not common to the public generally."

On May 9, 2024, in response to Defendants' motion to dismiss, Plaintiff filed a "Stipulation Regarding Damages" withdrawing his request under §§ 1983 and 1988 for an award of damages but maintaining his request for an award of attorney's fees and expenses.

The trial court heard the motion to dismiss on May 10, 2024, and orally granted same. The trial court entered an order dismissing the action with prejudice and incorporating its ruling on May 15, 2024. In relevant part, the trial court held "that the amended complaint continues to support a fair and reasonable reading, that it continues to include a declaratory judgment action or language to that effect[.]" Therefore, the trial court found "that it lack[ed] subject matter jurisdiction to address the declaratory and/or civil rights claims of Plaintiff, as they are original actions impermissibly joined with a *certiorari review* action which invokes the appellate jurisdiction of the [trial court]." As to the remainder of the amended complaint, the trial court found that

> the petitioner themselves [sic] have not filed any verification of the petition as originally filed or as amended, and that insomuch as the verification itself speaks simply to matters being verified to the best of -- or upon the best of knowledge, information, and belief, the plaintiff's counsel is not in strict compliance with [§] 27-8-106.

---

[2] Section 27-8-106 provides: "The petition for certiorari may be sworn to before the clerk of the circuit court, the judge, any judge of the court of general sessions, or a notary public, and shall state that it is the first application for the writ."

Therefore, the trial court held "that the amended complaint, as was the case with the original complaint, is not appropriately verified and that the applicable decisional law would mandate a dismissal of this action."

Plaintiff timely appealed the trial court's dismissal.

## ISSUES

Plaintiff raises four issues on review, which we restate slightly:

1. Whether the trial court erred in dismissing Plaintiff's claims as an improper attempt to combine a declaratory judgment action with a petition for judicial review under the common law writ of certiorari?

2. Whether the trial court failed to apply the correct standard of review under Rule 12.02(6) by not liberally construing Plaintiff's complaint, assuming all factual allegations to be true, and granting Plaintiff the benefit of all reasonable inferences?

3. Whether the trial court erred in dismissing Plaintiff's petition for certiorari review on the ground that the verification did not meet the requirements of § 27-8-106?

4. Whether Plaintiff should be awarded appellate attorney's fees under 42 U.S.C. §§ 1983 and 1988?

Defendants raise two additional issues, which we restate slightly:

5. Whether the amended complaint fails to state a claim upon which relief may be granted because BZA appropriately removed Plaintiff's appeal from its docket in compliance with the opt-out provision?

6. Whether Plaintiff waived his current challenges to Planning Commission's approval of the application?

## DISCUSSION

*a.*

Whether the trial court properly granted Defendants' motion to dismiss is a question of law which this Court reviews de novo with no presumption of correctness. *Robinson v. City of Clarksville*, 673 S.W.3d 556, 566 (Tenn. Ct. App. 2023) (citing *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011)).

Our Supreme Court has further set forth the parameters of our review of a motion to dismiss for failure to state a claim upon which relief can be granted:

A Rule 12.02(6) motion challenges only the legal sufficiency of the complaint, not the strength of the plaintiff's proof or evidence. The resolution of a 12.02(6) motion to dismiss is determined by an examination of the pleadings alone. A defendant who files a motion to dismiss admits the truth of all of the relevant and material allegations contained in the complaint, but . . . asserts that the allegations fail to establish a cause of action.

In considering a motion to dismiss, courts must construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences. A trial court should grant a motion to dismiss only when it appears that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief.

*Webb*, 346 S.W.3d at 426 (citations omitted). However, "courts are not required to accept as true assertions that are merely legal arguments or 'legal conclusions' couched as facts." *Id.* at 427.

The sole basis for Plaintiff's argument that the trial court failed to apply the correct legal standard when analyzing his claims is the trial court's statement that "the amended complaint continues to support a *fair and reasonable reading*, that it continues to include a declaratory judgment action or language to that effect[.]" Plaintiff argues that "[t]his statement shows that the [trial court] improperly recharacterized Plaintiff's allegations as a request for declaratory relief, contrary to the plain language of the complaint and counsel's statements in open court."

Whether Plaintiff's claim is one for declaratory relief versus one for certiorari review is not a factual allegation; accordingly, the trial court is not required to presume that Plaintiff's characterization of his claim is true. "In determining what type of action is at issue, we are not bound by the caption or description provided by the plaintiff, but must instead consider what type of claim is alleged 'in reality.'" *Little v. City of Chattanooga*, No. E2018-00870-COA-R3-CV, 2019 WL 1308264, at *6 (Tenn. Ct. App. Mar. 21, 2019) (quoting *Brackin v. Sumner Cnty. By & Through Sumner Cnty. Bd. of Cnty. Comm'rs*, 814 S.W.2d 57, 60 (Tenn. 1991)); *see PNC Multifamily Cap. Institutional Fund XXVI Ltd. P'ship v. Bluff City Cmty. Dev. Corp.*, 387 S.W.3d 525, 538 (Tenn. Ct. App. 2012) (noting that courts "must always look to the substance of the pleading rather than to its form" (citing *Dobbs v. Guenther*, 846 S.W.2d 270, 273 (Tenn. Ct. App. 1992)); *see also State By & Through Canale ex rel. Hall v. Minimum Salary Dep't of Afr. Methodist Episcopal Church, Inc.*, 477 S.W.2d 11, 12 (Tenn. 1972) ("It has long been the rule of this Court that pleas shall be given the effect required by their content, without regard to the name given them by the pleader." (collecting cases)). Therefore, the trial court did not err in failing to accept Plaintiff's characterization of his claim as true.

*b.*

Plaintiff also argues that his allegation that "BZA's reliance on an unconstitutional statute rendered its refusal to hear his appeal illegal" is "consistent with the scope of certiorari review." Therefore, he argues that the trial court mischaracterized his claim regarding BZA's action as one for declaratory relief.

"[A] party seeking to invalidate an ordinance should file a declaratory judgment action." *Bernard v. Metro. Gov't of Nashville & Davidson Cnty.*, 237 S.W.3d 658, 665 (Tenn. Ct. App. 2007). Conversely, "[a] party seeking to challenge a determination made in accordance with an ordinance should file a writ of *certiorari*." *Id.* "[T]he proper vehicle by which to seek judicial review of decisions of the local Board of Zoning Appeals is the common law writ of certiorari." *State v. Farris*, 562 S.W.3d 432, 443 (Tenn. Ct. App. 2018) (citing *State ex rel. Moore & Assocs., Inc. v. West*, 246 S.W.3d 569, 576 (Tenn. Ct. App. 2005); *SMS Cmty. Hous., Inc. v. Memphis and Shelby Cty. Bd. of Adjustment*, 1986 WL 6790, at *1 (Tenn. Ct. App. June 17, 1986)). "[T]he only issue raised by a writ of common law certiorari is whether the [decision maker] exceeded its jurisdiction or acted illegally, arbitrarily, or fraudulently." *Hoover, Inc. v. Metro Bd. of Zoning Appeals*, 924 S.W.2d 900, 904 (Tenn. Ct. App. 1996) (citing *Hoover Motor Exp. Co. v. R.R. & Pub. Utils. Comm'n*, 261 S.W.2d 233, 238 (Tenn. 1953); Tenn. Code Ann. § 27-8-101).

"[A] litigant may not bring claims invoking the original jurisdiction of the [trial court] when he or she has initiated the proceedings by seeking a writ of certiorari." *Farris*, 562 S.W.3d at 447 (citing *State ex rel. Byram v. City of Brentwood*, 833 S.W.2d 500, 502 (Tenn. Ct. App. 1991); *Goodwin v. Metro. Bd. of Health*, 656 S.W.2d 383, 387 (Tenn. Ct. App. 1983)). Declaratory judgment actions are original actions that are tried for the first time before the trial court, whereas a petition for writ of certiorari invokes the trial court's appellate jurisdiction to review an administrative body's actions. Thus, the combination of these actions in a single proceeding

> is inimical to a proper review in the lower certiorari Court and creates even greater difficulties in the Court of Appeals. The necessity of a separation of appellate review of a matter and trial of another matter ought to be self evident. In the lower Court one is reviewed under appropriate Appellate rules and the other is tried under trial rules. In this Court our scope of review is dependent upon the nature of a proceeding. In this case one matter would be limited by rules of certiorari review and the other would be reviewed under 13(d), Tennessee Rules of Appellate Procedure. Like water and oil, the two will not mix.

*Goodwin*, 656 S.W.2d at 386. When a declaratory judgment action is brought in conjunction with a petition for writ of certiorari, the declaratory judgment action should be dismissed at the outset of the case. *Id.* at 387; *Byram*, 833 S.W.2d at 502; *Music City*

*Telecom, Inc. v. Metro. Nashville Airport Auth.*, No. 01A01-9403-CH-00127, 1994 WL 585699, at *2 (Tenn. Ct. App. Oct. 26, 1994). In this case, Plaintiff splits hairs by arguing that he is not asking the trial court to declare the opt-out provision invalid; instead, he argues he is simply asking the trial court to hold that BZA's removal of the matter from its agenda was illegal because it was based upon an unconstitutional ordinance. However, this ignores the reality that to hold that BZA acted in reliance on an unconstitutional ordinance, the trial court would first have to declare that the opt-out provision is unconstitutional. "[A]n action for declaratory judgment . . . rather than a petition for certiorari is the proper remedy to be employed by one who seeks to invalidate an ordinance, resolution or other legislative action of county, city or other municipal legislative authority enacting or amending zoning legislation." *Fallin v. Knox Cnty. Bd. of Comm'rs*, 656 S.W.2d 338, 342 (Tenn. 1983).

Moreover, in the event that the trial court erred in determining that Plaintiff's claim regarding BZA's action is a claim for declaratory judgment and the claim is in fact one for certiorari review, the trial court correctly dismissed that claim due to Plaintiff's failure to meet the verification requirements of Tennessee Code Annotated §§ 27-8-104(a) and -106, as discussed below. *See 150 4th Ave. N. Tenant, LLC v. Metro. Nashville Bd. of Zoning Appeals*, No. M2019-00732-COA-R3-CV, 2020 WL 1278226, at *9 n.6 (Tenn. Ct. App. Mar. 17, 2020) ("The Court of Appeals may affirm a judgment on different grounds than those relied on by the trial court when the trial court reached the correct result." (collecting cases)).

For these reasons, we affirm the trial court's dismissal of Plaintiff's claim regarding BZA's removal of his appeal from its agenda.

*c.*

We turn next to the issue of the verifications included in Plaintiff's complaint and amended complaint. Two statutes set forth the verification requirements for a petition for writ of certiorari. First, § 27-8-104(a) provides: "The judges of the inferior courts of law have the power, in all civil cases, to issue writs of certiorari to remove any cause or transcript thereof from any inferior jurisdiction, on sufficient cause, supported by oath or affirmation." Next, § 27-8-106 provides: "The petition for certiorari may be sworn to before the clerk of the circuit court, the judge, any judge of the court of general sessions, or a notary public, and shall state that it is the first application for the writ." If a petitioner fails to file a properly verified petition within sixty days from entry of the judgment appealed from, neither the trial court nor this Court acquires jurisdiction over the petition. *Sepulveda v. Tenn. Bd. of Parole*, 582 S.W.3d 270, 274 (Tenn. Ct. App. 2018). "Accordingly, a petition that fails to meet the verification requirement must be dismissed." *Id.* (quoting *Richmond v. Tenn. Dep't of Corr.*, No. M2009-01276-COA-R3-CV, 2010 WL 1730144, at *3 (Tenn. Ct. App. Apr. 29, 2010)).

The trial court found that the verification was insufficient because "it was not signed by the Plaintiff [] and does not reflect the personal knowledge of the Plaintiff." The final judgment incorporates a transcript of the trial court's announcement of its ruling in which it further stated: ". . . the petitioner themselves [sic] have not filed any verification of the petition . . . insomuch as the verification itself speaks simply to matters being verified to the best of -- or upon the best of knowledge, information, and belief, the plaintiff's counsel is not in strict compliance with [§] 27-8-106." Plaintiff argues that this was in error because these statutes do not require that the petitioner personally sign the verification or that the verification be based solely on personal knowledge.

"As this Court has frequently explained, in order for a common law writ of certiorari to be valid, 'the petitioner must verify the contents of the petition and swear to the contents of the petition under oath, typically by utilizing a notary public.'" *Sepulveda*, 582 S.W.3d at 274 (quoting *Jackson v. Tenn. Dep't of Corr.*, 240 S.W.3d 241, 244 (Tenn. Ct. App. 2006)). "Significantly, the 'sworn and notarized statement accompanying the petition [for writ of certiorari] must declare that the petition's allegations are true to the best of the petitioner's knowledge.'" *Waters v. Tenn. Dep't of Corr.*, No. M2022-00316-COA-R3-CV, 2023 WL 3371715, at \*5 (Tenn. Ct. App. May 11, 2023) (quoting *Cason v. Little*, No. W2007-01910-COA-R3-CV, 2008 WL 2065194, at \*3 (Tenn. Ct. App. May 15, 2008)). "[A] purported verification that does not establish the truth of the petition's contents will not suffice." *Id.* at \*5 (quoting *Sepulveda*, 582 S.W.3d at 275).

In this case, the verification signed by Plaintiff's counsel stated in relevant part: "After review of the foregoing Complaint, I personally appeared before the undersigned notary public and affirm that the Complaint is true and correct to the best of my knowledge, information, and belief." Counsel's belief is not equivalent to the petitioner's knowledge, and his verification does not establish that the petition's allegations are true. While Plaintiff's counsel states that he is "authorized" to sign the verification on Plaintiff's behalf, there is no indication that counsel has first-hand knowledge of the complaint's allegations. *See Keystone Ins. Co. v. Griffith*, 659 S.W.2d 364, 366 (Tenn. Ct. App. 1983) ("While the attorney states that he was 'authorized' to make this affidavit on behalf of [the client], we believe that such facts could be more competently stated by those . . . who have first[-]hand knowledge of the facts."). Accordingly, the trial court did not err in dismissing Plaintiff's petition for writ of certiorari based upon his failure to satisfy the verification requirements of §§ 27-8-104(a) and -106.

Because we conclude that the trial court did not err in dismissing Plaintiff's amended complaint, that issue is dispositive, and the remaining issues raised by the parties on appeal are pretermitted. *See O'Dneal v. Baptist Mem'l Hosp.-Tipton*, 556 S.W.3d 759, 774 (Tenn. Ct. App. 2018) (quoting *In re Jamie B.*, No. M2016-01589-COA-R3-PT, 2017 WL 2829855, at \*7 (Tenn. Ct. App. June 30, 2017)) ("[W]hen presented with multiple issues on appeal, one of which is dispositive, we have consistently found the remaining issues to be pretermitted.").

## CONCLUSION

For the aforementioned reasons, we affirm the judgment of the Circuit Court for Knox County, and this case is remanded for proceedings consistent with this opinion. Costs of this appeal are taxed to the appellant, Seth Downing, for which execution may issue if necessary.

_____
KRISTI M. DAVIS, JUDGE